NATIONAL HOME CENTERS, INC. *v.* Stephen COLEMAN; Coleman Homes, LLC; Newoods, Inc., d/b/a ABC Block Company; Regions Bank, Cain Construction, Inc.

06-1315                                              257 S.W.3d 862

Supreme Court of Arkansas
Opinion delivered May 31, 2007

*Lisle Law Firm*, by: *Donnie Rutledge*, for appellant.

*Quattlebaum, Grooms, Tull & Burrow PLLC*, by: *Randal B. Frazier, Geoffrey B. Treece*, and *M. Ruthie Hagan*, for appellee Regions Bank.

*McMullan Law Firm*, by: *Kelly Halstead*, for appellee Cain Construction, Inc.

Tom Glaze, Justice. National Home Centers, Inc. (National) filed a foreclosure complaint against Stephen Coleman; Coleman Homes, LLC (collectively Coleman); Newoods, Inc., d/b/a ABC Block Company; Regions Bank; and Cain Construction, Inc. In that complaint, National alleged that it supplied Defendant Coleman with materials worth $17,176.65, which were used to make improvements on Coleman's real property. The complaint further alleged that the other named defendants "all may claim an interest in the property, either by way of mortgages, judgments, or otherwise." In essence, National sought to have its interest in the property be declared superior to the other named defendants' interest in the suit.

Regions and Cain Construction filed timely answers, and, thereafter, they both filed motions for summary judgment. In the

August 28, 2006, hearing on the motions for summary judgment, the circuit court ruled from the bench that it was granting Regions's and Cain's motions for summary judgment. The court stated the following:

> THE COURT: Where does that leave us with Newoods, Inc.? Are they —

> MR. RUTLEDGE: They defaulted, I think, unless you have an answer for them, too. I never received one.

> THE COURT: I don't have a — an answer for them that I am aware of. I didn't think we did. I thought they were in default when we came in here. Does that get y'all in a final posture of all the parties having been dealt with?

> MR. TREECE: I believe it does, Your Honor.

> THE COURT: Okay. Mr. Treece, if you will prepare a precedent for me, please.

> MR. TREECE: Yes.

> THE COURT: The court will be in recess.

On September 22, 2006, the circuit court entered its written order granting Regions' and Cain's motions for summary judgment, and, in the same order, the court entered an order of default judgment against Coleman. However, that order is absent any adjudication as to Newoods, Inc. National appeals from that order.

Pursuant to Administrative Order No. 2(b)(2), an oral order announced from the bench does not become effective until reduced to writing and filed. *McGhee v. Arkansas Bd. of Collection Agencies,* 368 Ark. 60, 243 S.W.3d 278 (2006).[1] Moreover, Ark. R. Civ. P. 58 (2006) provides that "[a] judgment or order is effective only when so set forth and entered as provided in Administrative

---

[1] *See also* Administrative Order No. 2(b)(1) (2006) ("The clerk shall keep a judgment record book in which shall be kept a correct copy of every final judgment or appealable order, or order affecting title to or lien upon real or personal property, and any other order which the court may direct to be kept.").

Order No. 2." This rule eliminates or reduces disputes between litigants over what a trial court's oral decision in open court entailed. *McGhee v. Arkansas Bd. of Collection Agencies, supra.* If a trial court's ruling from the bench is not reduced to writing and filed of record, it is free to alter its decision upon further consideration of the matter. *Id.* Simply put, the written order controls. *Id.* None of the written orders in the record, including the order appealed from, adjudicate the claim alleged against Newoods, Inc.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure – Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court.[2] Rule 54(b) of the Arkansas Rules of Civil Procedure deals with the finality of orders in connection with judgments upon multiple claims or involving multiple parties and states in relevant part:

> (1) *Certification of Final Judgment.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. . . .
>
> . . . .
>
> (2) *Lack of Certification.* Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Ark. R. Civ. P. 54(b) (2006). Thus, our court has held that under Rule 54(b), *an order* is not final that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *See*

---

[2] *See also* Ark. R. App. P.– Civ. 4(a) & (d) (2006). Subsection (d) states, "*When judgment is entered.* A judgment or order is entered within the meaning of this rule when it is filed in accordance with Administrative Order No. 2(b)."

*Southern Farm Bureau Cas. Ins. Co. v. Easter,* 369 Ark. 101, 251 S.W.3d 251 (2007); *Sims v. Fletcher,* 368 Ark. 178, 243 S.W.3d 863 (2006).[3]

In this case, the record is void any proof that Newoods, Inc., was properly served under our rules of civil procedure. Without proof of service, there is no way for the circuit court to determine whether a default judgment is appropriate as to this party. Thus, the record needs to be settled as to whether Newoods, Inc., was timely served and given notice of this lawsuit. This case is dismissed without prejudice for lack of a final order.

---

[3] This case is uniquely distinguishable from *Searcy Farm Supply, LLC v. Merchants & Planters Bank,* 369 Ark. 487, 256 S.W.3d 496 (2007), and *D'Arbonne Construction Co. v. Foster,* 348 Ark. 375, 73 S.W.3d 862 (2002), wherein the cases proceeded to trial, but some parties, who had notice of the lawsuit and appeared, elected not to pursue their claims and thereby abandoned the claims.