DFH/PJH ENTERPRISES, LLC *v.* Theresa CALDWELL

08-482                                      284 S.W.3d 66

Supreme Court of Arkansas
Opinion delivered May 8, 2008

*Jason Stuart*, for appellant.

No response.

PER CURIAM. Appellant DFH/PJH Enterprises, LLC, seeks a motion for rule on clerk requiring the clerk of this court to accept tender of the record in the above-styled case.[1] In its motion, Appellant asserts that it properly relied on the trial court's authority to hold that Appellee Theresa Caldwell's motion filed pursuant to Ark. R. Civ. P. 59 was timely filed on December 19, 2007. The motion was subsequently deemed denied on January 22, 2008, thereby requiring the record in this matter to be filed on or before April 22, 2008. Thus, according to Appellant, the clerk of this court should have accepted its tender of the record on March 24, 2008. Alternatively, Appellant accepts responsibility for any attorney error that may have caused the late filing of the record. For the reason explained below, we deny Appellant's motion for rule on clerk.

In order to understand the instant motion, a brief recitation of the case's procedural history is necessary. On December 5, 2007, the trial court entered an order denying Appellee's request for entry of mechanics' and materialmen's liens, and also denied Appellant's request for attorney's fees.[2] Appellant filed a notice of appeal from this order on December 13, 2007. Thereafter, on December 19, 2007, Appellee filed a motion for new trial or to set aside the judgment, pursuant to Rule 59. For some reason, the circuit clerk file stamped the motion's enclosure letter, but the actual motion was not filed of record until January 3, 2008. Appellee then filed a notice of appeal and cross-appeal on January 4, 2008.

The trial court held a hearing on January 28, 2008, to consider several pending matters, including the late filing of Appellee's Rule 59 motion. During that hearing, the trial court announced from the bench that due to a clerical misprision, Appellee's Rule 59 motion should be treated as timely filed on

---

[1] Prior to the filing of the instant motion, Appellee Theresa Caldwell filed a motion to substitute a certified copy of the record for the original record filed by Appellant. *See Caldwell v. DFH/PJH Enters., LLC,* No. 08-416. Therein, Caldwell asserted that she was the appellant and entitled to file the record in this appeal. Her motion is denied as of this date.

[2] This order contained a certificate under Ark. R. Civ. P. 54(b) allowing the parties to proceed with an appeal.

December 19, 2007. A written order was subsequently entered on January 30, 2008. In that order, the trial court denied Appellee's Rule 59 motion. Appellant filed a motion requesting clarification of the trial court's January 30 order, averring that the order failed to recite that the Rule 59 motion was treated as filed on December 19 and that said motion was actually deemed denied on January 22, 2008, pursuant to Ark. R. App. P.–Civ. 4(b)(1), because the court failed to act on the motion within thirty days. The trial court entered an order on April 15, 2008, denying Appellant's motion for clarification.

■ It is true that this court has held that a trial court may, under Ark. R. Civ. P. 60(b), correct a clerical error at any time. *See, e.g.*, *Holt Bonding Co., Inc. v. State*, 353 Ark. 136, 114 S.W.3d 179 (2003). However, pursuant to Administrative Order 2(b)(2), an order announced from the bench does not become effective until reduced to writing and filed. *Nat'l Home Ctrs., Inc. v. Coleman*, 370 Ark. 119, 257 S.W.3d 862 (2007). Moreover, Ark. R. Civ. P. 58 provides that "[a] judgment or order is effective only when so set forth and entered as provided in Administrative Order No. 2." *Id.* at 120-21, 257 S.W.3d at 863. This rule eliminates or reduces disputes between litigants over what a trial court's oral decision in open court entailed. *Id.* If a trial court's ruling from the bench is not reduced to writing and filed of record, it is free to alter its decision upon further consideration of the matter. *Id.* Simply put, the written order controls. *Id.*

■ Here, the trial court announced from the bench that, due to a clerical misprision, Caldwell's Rule 59 motion should be treated as filed on December 19, 2007. The trial court failed to ever reduce this oral ruling to writing, even when Appellant filed a motion requesting clarification. As such, the record before us demonstrates that Appellee's Rule 59 motion was not timely filed. Thus, pursuant to Ark. R. App. P.–Civ. 5(a), the record in this matter was due to be filed on or before March 11, 2008, ninety days from Appellant's filing of the notice of appeal. Accordingly, Appellant's motion is denied.

Motion denied.