# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2577

_____

Jerry Martin,                                  *
                                               *
              Appellee,                         *
                                               *
       v.                                      *
                                               *
Phillip Russell, Individually                  *
and in his official capacity;                  *  Appeal from the United States
Kim Tomlin, Individually and                   *  District Court for the
in her official capacity; Tate                 *  Western District of Arkansas.
Booker, Individually and in                    *
his official capacity; Sandra                  *
Sundberg, Individually and in                  *
her official capacity; Pete                    *
Anzalone, Individually and in                  *
his official capacity,                         *
                                               *
              Appellants.                       *

_____

Submitted: March 10, 2009
Filed: May 6, 2009

_____

Before GRUENDER, ARNOLD, and BENTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

       Jerry Martin brought an action under 42 U.S.C. § 1983 against several Hope, Arkansas, police officers, claiming that they violated his constitutional rights by

unlawfully arresting him and threatening to arrest him on numerous occasions. He alleged that his wife, Leeanna Martin, was acquainted with the officers and that they agreed to help her secure a favorable property settlement in her divorce action against Mr. Martin by arresting him and thus damaging his reputation.

The officers moved for summary judgment contending, in part, that they were entitled to qualified immunity. In response, the district court dismissed all of Mr. Martin's claims against the officers in their official capacities, as well as all claims against them individually, except those relating to two occasions on which Mr. Martin was arrested for violating an order of protection that an Arkansas court had issued in favor of his wife. The officers then filed an interlocutory appeal, *see* 28 U.S.C. §1291, contending that the district court erred in denying them qualified immunity on the claims related to the order of protection because there was no constitutional violation, there being no dispute that the order was facially valid and that Mr. Martin had violated it. *See Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 672 (8th Cir. 2007). We agree and reverse for the reasons that follow.

The relevant order of protection excluded Mr. Martin "from the place of business, employment, school or other location of the ... victim." (The parties agree that the "victim" of whom the order speaks is Ms. Martin.) The order further required "any law enforcement officer within his/her jurisdiction to whom this Order is presented [to] enforce the terms herein forthwith."

On the first occasion at issue, Mr. Martin took an SUV in which he asserted a possessory right from outside a residence where Ms. Martin was present. Officer Tate Booker was dispatched to the house to investigate. In an affidavit, Officer Booker attested that Mr. Martin told him that he had gone to the residence and knocked on the door, but that he "could not make contact with LeAnna." The officer further stated that after he determined that there was an outstanding order of protection against Mr. Martin, he arrested him because Mr. Martin had violated the order by going to a house

where he knew or should have known that Ms. Martin was located. About a week later, Officer Sandra Sundberg was sent to a parking lot where the Martins were arguing about the same SUV. Officer Sundberg stated in her affidavit that when she arrived, Ms. Martin informed her that she had an order of protection against the plaintiff. Officer Sundberg further attested that she arrested Mr. Martin later that day after she had investigated Ms. Martin's claim and determined that an order of protection was in fact in place.

Mr. Martin claimed that the two arrests in question were unlawful because Officers Booker and Sundberg knew or should have known before the arrests that the order of protection entered against him had been dismissed at a hearing before an Arkansas state judge. At her deposition, Ms. Martin testified that there was a written order vacating the order of protection and that she "believed" that it was "in the court file." She also "believ[ed]" that she had told the police about the order having been vacated; when asked to name one officer whom she had told, she testified, "I might have told Anzlone, or whatever his name is." But she also said that she called the police to report that Mr. Martin was in "violation" of the order of protection after it was allegedly vacated. Finally, she testified that the police officers would arrest Mr. Martin "nine times out of ten" after she would call when he was in violation of the order of protection despite the fact that the officers would say that they "could not find their Order of Protection in the system."

To decide whether an official is entitled to qualified immunity, we must determine whether there was a constitutional violation, and, if so, whether the right that was violated was so clearly established when the events in question occurred that a reasonable official would have known that her conduct was unconstitutional. *See Vaughn v. Gray*, 557 F.3d 904, 908 (8th Cir. 2009). The parties agree that a state court had issued the protective order and that Mr. Martin had violated its terms, but they disagree about whether that order was vacated. If it was vacated and the officers knew or should have known that it was, then the arrests would have been

unconstitutional under the Fourth Amendment because they would have been unwarranted and unreasonable. The district court held that Ms. Martin's deposition testimony created a material issue of fact as to whether the order of protection had been vacated and therefore refused to grant the defendants qualified immunity. We respectfully disagree with this conclusion.

Ms. Martin's deposition statements relevant to the protective order being vacated were vague and "[m]ere allegations, unsupported by specific facts or evidence." *Thomas v. Corwin*, 483 F.3d 516, 527 (8th Cir. 2007). Ms. Martin could not remember when the alleged hearing vacating the order of protection took place. More important, Arkansas state law requires that an order must be in writing and filed before it is effective, *see National Home Ctrs., Inc. v. Coleman*, 370 Ark. 119, 120-21, 257 S.W.3d 862, 863 (2007), and the record contains no documentation supporting the existence of such a writing. Ms. Martin could not remember whether it was filed: She "believed" that it was "in the court file," though even the meaning of that statement is somewhat uncertain. The state court docket sheet, moreover, contains no indication that the order was vacated, and no one from the court was deposed on the matter. We hold that on this record no reasonable juror could find that an order vacating the order of protection was reduced to writing and filed.

On appeal, Mr. Martin directs our attention to an order in his divorce case that was entered in 2003, but we note that the order does not appear to be in the district court record and was therefore not before that court when it ruled on the motion for summary judgment. The order is thus outside the record on appeal. *See Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, 528 F.3d 556, 560-61 (8th Cir. 2008). In any event, the order does not purport to affect the permanent order of protection at issue here because it is titled "Amended Temporary Order of Protection." Even if it did affect the order of protection in question, moreover, our reading of it is that it changed only the custody rights of the parties; it would have left any previous order intact in all other respects.

Furthermore, and in the alternative, even if there had been an order vacating the order of protection and it had been filed, we think that a reasonable officer would not have known that arresting Mr. Martin was unconstitutional. The question that we must ask is "whether a reasonably competent officer could believe there was probable cause to arrest" Mr. Martin. *Habiger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir. 1996), *cert. denied*, 519 U.S. 1011 (1996). It is undisputed that the protective order was entered, and a reasonable officer would be under no obligation to believe Ms. Martin's statement that the order had been vacated. *Cf. Engleman v. Deputy Murray*, 546 F.3d 944, 950 (8th Cir. 2008). Given the inherent volatility of domestic disputes, officers are not required to believe what one party says about court proceedings. *Cf. Terrell v. Larson*, 396 F.3d 975, 979 (8th Cir. 2005) (en banc).

In addition, a reasonable police officer would not necessarily give any credence to a statement from Ms. Martin that the order had been vacated because (according to her own testimony) she had contacted them after it was allegedly vacated to complain that her husband was violating the order of protection. Ms. Martin's assertions that the police officers could not find the order of protection on certain occasions is not enough to create a genuine issue of material fact that Officers Booker and Sundberg knew or should have known that the order was vacated. Besides, Ms. Martin does not specifically state that Officers Booker and Sundberg were unable to locate the protective order during the incidents in question. Given that police officers are not required to conduct a trial before an arrest, *see Morrison v. United States*, 491 F.2d 344, 346 (8th Cir. 1974), and that the evidence suggesting that the order had been vacated was unreliable at the time of the arrest, we think it plain that a reasonable officer could believe that she was acting pursuant to law in arresting Mr. Martin.

In sum, the evidence that the protective order was rescinded does not create a genuine issue of material fact as to whether the arrests here were unconstitutional. Even if the record had been sufficient to allow a reasonable jury to find that the order

had been vacated, moreover, it is insufficient to create a genuine issue of fact that a reasonable officer would reasonably have known that this was the case.

We therefore reverse the order of the district court.

_____