2009 Ark. App. 686

**Israh LITTLES, Appellant**

v.

**OFFICE OF CHILD SUPPORT ENFORCEMENT and Lakesha Sheard, Appellees.**

**No. CA 09–5.**

Court of Appeals of Arkansas.

Oct. 21, 2009.

Don R. Etherly, Helena, for appellant.

J.L. Wilson, West Helena, for appellee Lakesha Sheard.

JOHN B. ROBBINS, Judge.

Israh Littles appeals from the trial court's order that set aside its previous orders relative to custody and visitation rights, which resulted in the immediate return of the custody of the parties' daughter, Ariel Littles, to appellee Lakesha Sheard. The trial court set aside its prior orders on the basis of lack of jurisdiction because there had been no proper service on Ms. Sheard, and the orders were therefore void ab initio. On appeal, Mr. Littles does not argue that Ms. Sheard had been properly served, but rather argues that Ms. Sheard waived any objection to lack of service of process when she appeared at each of the hearings. We agree with appellant's argument, and we reverse.

This case began on January 11, 2008, when the Office of Child Support Enforcement (OCSE) filed a paternity complaint against Mr. Littles. The paternity complaint alleged that Mr. Littles was the father of Ariel, who was then nine years old and in the custody of her mother, Ms. Sheard. OCSE asked the trial court to enter an order finding Mr. Littles to be the father and requiring him to pay child support.

Mr. Littles responded to the paternity complaint by filing a petition to establish a visitation schedule on March 11, 2008. In his petition, Mr. Littles acknowledged that

he is the father of the child and that custody was currently with Ms. Sheard. Mr. Littles further asserted that he had been denied reasonable visitation, that it was in Ariel's best interest to have visitation with her father, and that the trial court should establish a visitation schedule. This petition was served only on counsel for OCSE.

On March 26, 2008, a hearing was held on OCSE's paternity complaint as well as Mr. Littles' petition to establish a visitation schedule. At the outset of the hearing, counsel for OCSE clarified that he did not represent Ms. Sheard on the visitation issue. Ms. Sheard appeared pro se, and the trial court explained to her that the issue of visitation would be resolved at the hearing. The trial court advised Ms. Sheard that they could either proceed with the hearing and decide visitation, or he would grant her a continuance to hire an attorney. Ms. Sheard elected to proceed with the hearing without representation of counsel.

Testimony was taken, and at the conclusion of the hearing the trial court ruled that Mr. Littles would be allowed standard visitation. The trial court advised Mr. Littles' counsel to draft a visitation order for the trial court's approval, but no visitation order was ever entered of record. From the bench, the trial court ordered Ms. Sheard to deliver the child for visitation beginning the upcoming weekend, with the visitation to commence at 7:30 p.m. on March 28, and conclude at 7:30 p.m. on March 30.

On March 27, 2008, the trial court entered a judgment for paternity and support, finding Mr. Littles to be the father of the child and ordering him to pay $74.00 per week in child support. That judgment was silent on the issue of visitation.

Mr. Littles filed a motion for contempt on April 2, 2008. That motion alleged that visitation was not allowed on March 28, 2008, which constituted a willful violation of the trial court's order. For the violation, Mr. Littles asked that Ms. Sheard be found in contempt and punished accordingly. Also on April 2, 2008, the trial court entered an order directing Ms. Sheard to appear and show cause why she should not be held in contempt for violating the court's March 26, 2008, order. The record indicates that Ms. Sheard was personally served with the motion for contempt and the order to appear and show cause, and a hearing was scheduled for April 9, 2008.

Ms. Sheard appeared represented by counsel at the April 9, 2008, hearing, and the trial court heard testimony related to Mr. Littles' contempt motion. On April 15, 2008, the trial court entered an order for temporary custody in favor of Mr. Littles, wherein the trial court made the following pertinent findings:

2. That Paternity was established by order of this court on March 26, 2008. Visitation was set and ordered from the bench to begin on March 28, 2008 at 7:30 p.m.

3. That the plaintiff [Ms. Sheard] agreed to deliver the child to Memphis, Tennessee for visitation with the defendant on the weekend of March 28, 2008 but failed to do so.

4. That the plaintiff has willfully violated the court's order and is in contempt. Plaintiff is sentenced to incarceration for a period of forty-eight hours with the incarceration being suspended.

5. That Israh Littles shall have temporary custody of the minor child effective at 5:00 p.m. on April 9, 2008. Lakesha Sheard shall have the child prepared to leave with a reasonable supply of clothes, shoes, and other personal items.

6. Lakesha Sheard shall supply all essential information or documentation in

her possession to allow Israh Littles to enroll the minor child in school.

7. Lakesha Sheard shall have visitation every other weekend to begin on April 19, 2008.

. . . .

10. This case shall be set for review on June 18, 2008 at 10:30 a.m. but may be rescheduled if Israh Littles is unable to attend due to employment restraints.

11. That Israh Littles has previously been ordered to pay child support for the minor and the aforementioned support shall be abated. No further child support shall be credited beyond April 9, 2008 and any payments received after the aforementioned date shall be returned to the defendant.

12. Plaintiff shall be subject to immediate revocation of the suspended incarceration should she fail to comply with this court's orders.

Pursuant to the trial court's order for temporary custody, a review hearing was held on June 18, 2008, wherein testimony was taken pertaining to the custody of the child. After the hearing, the trial court entered an order on June 25, 2008, finding that no major changes had occurred since the trial court's grant of temporary custody to Mr. Littles and denying Ms. Sheard's request for return of the child. The trial court granted permanent custody to Mr. Littles, subject to Ms. Sheard's visitation, on the basis that Ms. Sheard had not provided sufficient evidence to warrant a change in custody from the trial court's previous order, and that it was in the best interest of the child for Mr. Littles to have custody.

On July 28, 2008, Ms. Sheard filed a motion to dismiss, amend, or set aside the trial court's prior custody orders. In her motion, Ms. Sheard contended that the paternity action was transformed into a custody proceeding without proper notice,

and that there was never sufficient service of Mr. Littles' motions on her. Ms. Sheard complained that she never received a summons to appear for any hearing relating to change-of-custody proceedings, rendering the trial court's custody orders void.

On December 23, 2008, the trial court entered a judgment granting the relief sought in Ms. Sheard's motion. The trial court found that because there was no proper service on Ms. Sheard, and therefore, no personal jurisdiction over her, its prior orders relative to custody and visitation were void ab initio. As a result, the trial court ordered the immediate return of the child's custody to Ms. Sheard.

Mr. Littles now appeals from the trial court's order entered on December 23, 2008, arguing that by her appearances and actions at the hearings below, Ms. Sheard waived any objections based on lack of service of process. Thus, Mr. Littles submits that the trial court was vested with jurisdiction to enter its prior custody orders, including the June 25, 2008, order awarding him permanent custody. Mr. Littles contends that the trial court erred in setting the custody orders aside.

The trial court correctly determined that there was defective service of process in this case. It is undisputed that Mr. Littles' petition to establish a visitation was not served on Ms. Sheard personally, and was served only on counsel for OCSE. Arkansas Rule of Civil Procedure 5(b) provides:

Whenever under this rule or any statute service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney, except that service shall be upon the party if the court so orders or the action is one in which a final judg-

ment has been entered and the court has continuing jurisdiction.

Thus, whether service on OCSE's counsel was sufficient depends on whether he represented Ms. Sheard.

OCSE's counsel filed the original paternity complaint, and the scope of his representation is defined by Ark.Code Ann. § 9–14–210 (Repl.2008), which provides in pertinent part:

> (d) The State of Arkansas is the real party in interest for purposes of establishing paternity and securing repayment of benefits paid and assigned past due support, future support, and costs in actions brought to establish, modify, or enforce an order of support in any of the following circumstances:
>
> . . . .
>
> (3) Whenever duties are imposed on the state in Title IV–D cases pursuant to the Uniform Interstate Family Support Act, § 9–17–101 et seq[.]
>
> . . . .
>
> (e)(1) In any action brought to establish paternity, to secure repayment of government benefits paid or assigned child support arrearages, to secure current and future support of children, or to establish, enforce, or modify a child support obligation, the Department of Human Services or the office, or both, or their contractors, may employ attorneys.
>
> (2) An attorney so employed shall represent the interests of the Department of Human Services or the office *and does not represent the assignor of an interest set out in subsection (d) of this section.*

(Emphasis added.) In this case, the State's duties were imposed under Title IV–D of the Social Security Act and the State filed its complaint pursuant to the statute, indicating in its complaint that it was filed on behalf of the State. Counsel for OCSE was prohibited, by statute, from representing Ms. Sheard, so service of the petition to establish visitation on him was not valid service under Ark. R. Civ. P. 5(b). *See Vanzant v. Purvis,* 54 Ark.App. 384, 927 S.W.2d 339 (1996).

■ The only other motion filed by Mr. Littles in this case was his motion for contempt. The record reflects that this motion and the trial court's order to appear and show cause were personally served on Ms. Sheard, but Ms. Sheard was only put on notice of a contempt violation and not a custody dispute.

■ A judgment rendered without notice to the parties is void. *Sides v. Kirchoff,* 316 Ark. 680, 874 S.W.2d 373 (1994). When there has been no proper service and, therefore, no personal jurisdiction over the defendant in a case, any judgment is void ab initio. *Id.* However, the defense of personal jurisdiction may be waived. *See Arkansas Dep't of Human Servs. v. Farris,* 309 Ark. 575, 832 S.W.2d 482 (1992). In *Southeast Foods, Inc. v. Keener,* 335 Ark. 209, 979 S.W.2d 885 (1998), our supreme court held that service of process *or a waiver of that service* is necessary in order to satisfy the due process requirements of the United States Constitution.

■ We agree with appellant's argument that Ms. Sheard waived any objection based on lack of service of process. Ms. Sheard appeared at the initial hearing and was specifically advised by the trial court that she could continue the case and hire an attorney, or she could proceed without counsel on the issue of visitation. Ms. Sheard elected to proceed, and she was thereafter ordered to deliver the child for visitation the next weekend. When Ms. Sheard failed to comply with the court-ordered visitation, a motion for contempt was filed and at the ensuing hearing

she was represented by counsel but never raised any objection to lack of service. Nor did she object to lack of notice when the issue of temporary custody arose. A subsequent review hearing was scheduled on the issue of custody, and Ms. Sheard again appeared represented by counsel and failed to raise any issue about lack of service or failure of notice. It was not until after the permanent custody order was entered in favor of Mr. Littles that Ms. Sheard filed a motion raising her objection to lack of service. This motion came too late, as any question concerning personal jurisdiction had already been waived. Under these circumstances, the trial court did have jurisdiction to enter both its temporary custody order and permanent custody order, and erred in setting those orders aside.

Finally, we express no opinion as to the propriety of the trial court's findings in the order of permanent custody, where instead of requiring the noncustodial parent to show a material change in circumstances, it instead found that Ms. Sheard had "not provided sufficient evidence to warrant a change in custody form the court's previous [temporary] order." That issue is not before us in this appeal. The narrow issue to be decided in this appeal is whether the trial court erred in setting aside its custody orders on jurisdictional grounds, and we hold that such error occurred.

Reversed.

KINARD and HENRY, JJ., agree.