
# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-13-344

| | |
|---|---|
| ELAINE HOWARD, DONALD HOWARD, and LARRY CODLING<br>APPELLANTS | **Opinion Delivered** November 6, 2013 |
| V. | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT<br>[NO. PR 2012-018-5] |
| WILLIAM CODLING<br>APPELLEE | HONORABLE XOLLIE DUNCAN, JUDGE |
| | REVERSED AND REMANDED |

## RITA W. GRUBER, Judge

This is an appeal pursuant to Rule 2(a)(4) of the Arkansas Rules of Appellate Procedure–Civil, authorizing an appeal from an order that strikes out an answer. The Benton County Circuit Court struck the answers of appellants—Elaine Howard, Don Howard, and Larry Codling—as untimely. Appellants bring two points on appeal: (1) the circuit court erred in striking Don Howard's answer as untimely and in not recognizing and applying the common-defense theory to the answers of Elaine Howard and Larry Codling; and (2) the circuit court lacked subject-matter jurisdiction to enter an order quieting title to the land at issue in the case. Because we hold that the circuit court erred in striking Don Howard's answer as untimely, we reverse its order and remand for further proceedings consistent with this opinion.

Appellants Elaine Howard and Larry Codling are the only children of appellee, William Codling, who, at the time of the hearing in this matter, was ninety-one years old.

Appellant Don Howard is married to Elaine. This case began on January 12, 2012, when Elaine and Larry filed a petition for the appointment of a conservator of the estate of William, alleging that he was suffering from a decline in executive reasoning and mental status. William answered, denying that a conservator was necessary and, on February 27, 2012, filed a four-count counterclaim, requesting the court to order the following: (1) Elaine to repay the indebtedness due on William's purchase of a car for her; (2) Elaine to return funds that she obtained by cashing William's certificate of deposit; (3) Elaine and Don to repay the unpaid balance on a promissory note secured by a mortgage for their home, which they purchased from William; and (4) the setting aside of a quitclaim deed executed by William and his late wife to William, his late wife, Elaine, and Larry as joint tenants with right of survivorship. William served a copy of the counterclaim on Elaine and Larry by serving their attorney. He did not, however, serve a copy of a summons or counterclaim on Don, who was not a party to the original lawsuit filed by Elaine and Larry.

On July 30, 2012, Elaine, Larry, and Don filed a response denying "each and every allegation" not specifically admitted—Elaine did admit that she had taken William's funds to protect his interests. They also filed a motion to dismiss the counterclaim, alleging that the counterclaim failed to state a claim upon which relief could be granted, that the applicable statutes of limitation had expired, that laches barred the claims, that no valid claim was made against Larry, that William was incompetent and thus could not file a counterclaim, and that the court lacked personal jurisdiction over Don.

On August 13, 2012, the circuit court dismissed the petition for appointment of a

conservator, finding that William must consent for a conservator to be appointed under Ark. Code Ann. § 28-67-103 and that he had not done so. The court stated that William's counterclaim was pending and that its order dismissing the petition was without prejudice to the original petitioners to file a petition for appointment of a guardian if they chose to do so. Elaine and Larry then filed a petition for appointment of a guardian on August 31, 2012. William responded, denying that he needed a guardian. On September 19, 2012, he also filed a motion to strike Elaine and Larry's answer to his counterclaim and motion to dismiss, contending that they were untimely. Elaine, Larry, and Don filed a joint response to William's motion to strike, arguing that, even if Elaine and Larry had defaulted on the counterclaim, their defenses were "saved" under the common-defense theory because Don—who was not properly served—had filed a response asserting a general denial, which was applicable to all three of them.

The circuit court held a hearing on the motion to strike and the motion to dismiss on October 31, 2012. William argued that Elaine and Larry's response to his counterclaim was untimely, having been filed well past the thirty days allowed for an answer; that Don was not a party; and that the court had no jurisdiction over Don pursuant to Rule 4(i) of the Arkansas Rules of Civil Procedure, which requires the court to dismiss a defendant if service has not been made upon him within 120 days after the filing of the complaint (in this case, the counterclaim). Thus, William argued, the common-defense theory was not applicable to this case. Appellants argued that Don entered the case when he filed a joint response with Elaine and Larry generally denying the allegations in William's counterclaim; thus, they contended,

the common-defense doctrine applied, causing Don's common defense to serve as a defense for all three appellants. The judge ruled from the bench as follows:

> I think I don't have any jurisdiction of Don Howard, Donald Howard, after one hundred and twenty (120) days of no service and no answer he was out. So, the issue is whether the Motion to Strike the late Answer and the Motion to Dismiss filed by Elaine and Larry should be granted. And I think I have to. I mean, I don't think I have any choice but to strike those; they're in default. Donald Howard doesn't—he's not in the case, he can't be in the case. If he filed it before that time, we might be looking at something different, but I don't—we're not. So, the Motion to Strike the Answer and the Motion to Dismiss will be granted.

On December 21, 2012, appellants submitted a brief in objection to the proposed order in which they argued that, although he had not been served, Don was entitled to file an answer; he did file an answer; having not been served, he missed no deadline in filing his answer; and Rule 4(i) was not a proper defense for William to raise. The circuit court entered an order on January 4, 2013, finding that "[appellants] have not timely responded to the Counterclaim, their Response, Amended Response and Motion to Dismiss are stricken of record." The court then entered partial default judgment on behalf of William on Count IV of his counterclaim, setting aside the quitclaim deed. Finally, the court stated that there would be "a later hearing to determine the amount of any judgments to be rendered in the remaining counts of the Counterclaim and to award the appropriate remedies pursuant to the Counterclaim." Appellants appeal from the court's order.

We review a circuit court's decision to strike an answer and grant a default judgment for abuse of discretion. *Looney v. Blair*, 2010 Ark. 479, at 2; *Rennels v. Four Seasons HVAC Distibs.*, 2011 Ark. App. 274, at 3. In this case, the court struck Don's answer, finding that it was untimely. Appellants argue that this was an abuse of discretion. We agree, and we

4

SLIP OPINION

reverse the court's order striking Don's answer.[1]

We first note that the parties argue on appeal as if the court struck Don's answer under Ark. R. Civ. P. 4(i). A court does not strike an answer under Rule 4(i); a court dismisses the action against the defendant for lack of jurisdiction under Rule 4(i).[2] Although we recognize the court's oral ruling pursuant to Ark. R. Civ. P. 4(i) that it had no jurisdiction over Don because service had not been made upon him within 120 days after William filed his counterclaim, the court's written order abandoned this oral ruling and struck Don's answer as untimely—thereby presuming that it had personal jurisdiction over him. Our law is clear that to the extent a court's oral ruling conflicts with its written order, the written order controls. *Nat'l Home Ctrs., Inc. v. Coleman*, 370 Ark. 119, 120–21, 257 S.W.3d 862, 863 (2007).

We now turn to appellants' argument that the court erred in striking Don's answer. Arkansas law is long settled that service of valid process is necessary to give a court personal jurisdiction over a defendant. *Raymond v. Raymond*, 343 Ark. 480, 36 S.W.3d 733 (2001). But the defense of personal jurisdiction may be waived. *Littles v. Office of Child Support Enforcement*, 2009 Ark. App. 686, at 7, 373 S.W.3d 335, 339. In this case, Don was not served

---

[1]We recognize that the court also struck the answers of Elaine and Larry, but appellants have not argued that the court's decision doing so was error. Thus, our opinion does not affect the court's order striking their answers.

[2]In this case, the court struck Don's answer and awarded a partial default judgment. A default judgment is void if the trial court lacked jurisdiction over the person. *J & V Rest. Supply & Refrigeration, Inc. v. Sup. Fixture Co.*, 76 Ark. App. 505, 512, 69 S.W.3d 881, 886 (2002).

with valid process. He did, however, file a response to William's counterclaim 153 days after the counterclaim was filed. Rule 12(a)(1) of the Arkansas Rules of Civil Procedure requires a response to be filed within thirty days after *service* of the pleading. Because Don was never served, his response was not untimely under Rule 12(a)(1), and the court erred in finding otherwise.

Finally, appellants argue that the common-defense theory applies, causing Don's answer to serve as a defense for Elaine and Larry. Because the circuit court struck the joint response as to all three appellants, it did not decide this issue, and we have no ruling to review. Accordingly, we remand this issue for the circuit court to determine. We also remand for reconsideration of the court's ruling regarding count IV of William's counterclaim in light of our reversal of the court's order striking Don's answer.

Reversed and remanded.

HARRISON and WHITEAKER, JJ., agree.

*Adams Law Firm*, by: *Lauren Adams*, for appellant.

*Lingle Law Firm*, by: *Stephen Hardin*, for appellee.