PAUL E. DANIELSON, Justice, dissenting. I dissent from the majority’s opinion in the direct appeal. I simply cannot agree that the instant case can be distinguished from Bank of the Ozarks, Inc. v. Walker, 2014 Ark. 223, 434 S.W.3d 357, handed down by this court a mere month ago, and, therefore, I would reverse and remand. As noted in the majority, this court held in Bank of the Ozarks that a circuit court must rule on the threshold issue of contract formation before determining whether the claims fall within the scope of the arbitration agreement and before considering any defenses that might otherwise invalidate the agreement. Here, Newby argued waiver as a defense below. It is perfectly clear from the circuit court’s oral ruling that it opined that even if there had been an agreement, Asset waived it: Assuming that it’s in fact a Chase card, or that it’s the information provided that has the arbitration, the plaintiff has invoked the jurisdiction of this Court. The plaintiff did not file arbitration proceedings. The plaintiff invoked the jurisdiction of this Court with respect to the named defendant. Because the circuit court skipped over the first step of making a determination on the threshold issue of whether there was an agreement, just as the circuit court did in Bank of the Ozarks, we must reverse and remand if stare decisis means anything. The majority wants to disregard the circuit court’s oral ruling because the written ruling simply reflects that Asset’s motion to compel arbitration was denied. In support of this, 113it cites to a case in which this court held that a circuit court is free to alter its decision on further consideration of the matter and the written order controls. See Nat’l Home Ctrs., Inc. v. Coleman, 370 Ark. 119, 257 S.W.3d 862 (2007) (citing McGhee v. Arkansas Bd. of Collection Agencies, 368 Ark. 60, 243 S.W.3d 278 (2006)). While that makes perfect sense in cases where there is some sort of conflict between the oral ruling and the written ruling, it is not called for in a ease in which the oral ruling simply explains the reasoning behind the written order. Cf. McGhee, supra (where this court could not be certain that the circuit court intended to find an act constitutional); cf. also Stills v. Stills, 2010 Ark. 132, 361 S.W.3d 823 (“To the extent that the court’s bench ruling conflicts with its written order, if at all, the written order controls over the court’s oral ruling.”); Carr v. Nance, 2010 Ark. 25, 2010 WL 199626 (the oral dismissal of parties was never reduced to a written order); Nelson v. Stubblefield, 2009 Ark. 256, 308 S.W.3d 586 (where the circuit court orally ruled it would allow certain testimony, but the written order reflected that the testimony would be reviewed at trial). It is for these reasons that I respectfully dissent. HANNAH, C.J., and CORBIN, J„ join.