SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-836

| | |
|---|---|
| BOB DERRICK<br>APPELLANT<br><br>V.<br><br>JUANITA DERRICK, SARA JANE JONES, AND JOHN DERRICK JONES<br>APPELLEES | **Opinion Delivered** April 29, 2015<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, GREENWOOD DISTRICT [NO. CV-13-132G]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

**RAYMOND R. ABRAMSON, Judge**

This appeal follows a bench trial where the Sebastian County Circuit Court dismissed Bob Derrick's complaint for unjust enrichment. On appeal, Bob argues that the circuit court erred by (1) finding that he did not establish unjust enrichment against Juanita Derrick, Sara Jones, and John Jones and (2) failing to include its oral dismissal of Sara and John's counterclaims in the judgment. We dismiss the appeal for lack of a final order.

Bob is Juanita's son. Sara and John are Juanita's grandchildren. In 1995, Juanita conveyed her interest in a piece of property in the Greenwood District of Sebastian County ("the Greenwood property") to Sara and John as joint tenants with right of survivorship while Juanita reserved a life estate for herself. In 2006, Sara and John converted their remainder interests into a tenancy in common arrangement through a warranty deed.

Also in 2006, Bob moved to Sebastian County to help care for Juanita, who was

eighty-three years old at that time. He moved into Juanita's home on the Greenwood property. Bob testified at trial that the home and other structures on the property were in disrepair and that Juanita asked him to construct a new house. Bob then proceeded with construction. He spent over $600,000 on a new house as well as landscaping. The construction of the house took about one year to complete, and the landscaping took an additional year. In the process, Bob demolished a barn and cleared several trees.

After the completion of the house and landscaping, Bob filed a complaint against Juanita, Sara, and John, seeking an interest in or lien on the Greenwood property, alleging that they had been unjustly enriched by his construction of the house and the landscaping. Juanita filed an answer stating that "it was [her] intention and the understanding between Bob and [her] that he would be compensated for the early land improvements, the house, and the land improvements associated with the building of the house. It was discussed that compensation would either be money or land." Sara and John filed an answer, denying Bob's entitlement to an interest in the Greenwood property. They also filed two counterclaims against Bob (1) for ejectment and trespass and (2) for destruction and carrying away of property because he cleared the timber and demolished the barn.

The matter proceeded to a bench trial on April 16, 2014. At the conclusion of the testimony, Bob moved for a directed verdict on Sara and John's counterclaims, and the court orally granted the motion. The court stated it would enter a written order addressing Bob's unjust-enrichment claim at a later date.

On May 7, 2014, the circuit court entered judgment in favor of Juanita, Sara, and John

on Bob's unjust-enrichment claim, but the judgment did not reference its oral dismissal of Sara and John's counterclaims. On May 21, 2014, Bob filed a Rule 59 motion asking the court to reconsider his unjust-enrichment claim and to address its oral dismissal of Sara and John's counterclaims in an amended final order. The circuit court denied Bob's motion. Bob then filed the instant appeal. On appeal, Bob argues that the circuit court erred by (1) finding that he failed to establish unjust enrichment and (2) refusing to include its oral dismissal of Sara and John's counterclaim in the judgment.

Because the circuit court failed to address Sara and John's counterclaims in the May 7, 2014 judgment, the order is not final, and we lack jurisdiction to review this appeal. Pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1), a party may appeal from a final judgment or final decree of the trial court. *Bevans v. Deutsche Bank Nat'l Trust Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008) (citing Ark. R. App. P.–Civ. 2(a)(1)). If a lawsuit has more than one claim for relief or more than one party, an order or judgment adjudicating fewer than all claims and all parties is neither final nor appealable. Ark. R. Civ. P. 54(b)(2). Administrative Order No. 2(b)(2) holds that an oral order announced from the bench does not become effective until reduced to writing and filed. *Nat'l Home Ctrs., Inc. v. Coleman*, 370 Ark. 119, 257 S.W.3d 862 (2007). Further, Arkansas Rule of Civil Procedure 58 provides that "[a] judgment or order is effective only when so set forth and entered as provided in Administrative Order No. 2." Our supreme court has noted that

> this rule eliminates or reduces disputes between litigants over what a trial court's oral decision in open court entailed. If a trial court's ruling from the bench is not reduced to writing and filed of record, it is free to alter its decision upon further consideration of the matter. Simply put, the written order controls.

3

*Nat'l Home Ctrs.*, 370 Ark. at 121, 257 S.W.3d at 863.

In this case, even though the circuit court orally dismissed Sara and John's counterclaims at the bench trial, the court failed to address the ruling in the judgment. Because the written order controls, we must assume that the circuit court has not disposed of the counterclaims. Accordingly, the order is not final, and we dismiss the appeal without prejudice.

Dismissed without prejudice.

GLADWIN, C.J., and HARRISON, J., agree.

*Gean, Gean & Gean*, by: *Roy Gean III*, for appellant.

*The McHughes Law Firm, PLLC*, by: *Becky A. McHughes*, for appellee.