Cite as 2021 Ark. App. 97

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CV-20-275

|  |  |  |
|---|---|---|
| SCOTTY HOWELL | | **OPINION DELIVERED:** MARCH 3, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26DR-17-578] |
| V. | | |
| KIMBERLY HOWELL | | HONORABLE JOHN HOMER WRIGHT, JUDGE |
| | APPELLEE | |
| | | DISMISSED WITHOUT PREJUDICE |

## ROBERT J. GLADWIN, Judge

Scotty Howell appeals the December 27, 2019 order of the Garland County Circuit Court that modified the parties' child-support and property-settlement agreement (PSA). He argues three points on appeal; however, we dismiss the appeal for lack of finality.

The parties were divorced by decree filed August 23, 2017. The decree incorporated the PSA, which addresses (1) custody of AH, the parties' now nine-year-old daughter, (2) child support, and (3) division of the parties' assets.

On July 9, 2018, Kimberly filed a motion to set child support and modify the PSA. First, she asked that the PSA be modified to allow either party to relocate within a sixty-mile radius of Garland County and "and still maintain the terms of custody as set out in the [PSA]." Second, she alleged that a substantial change of circumstances required that child support be ordered. Third, Kimberly alleged that she had recently discovered that Scotty

"may have had multiple accounts that were not disclosed to her." She asked that both parties be required to purchase a $250,000 life insurance policy for AH's benefit "rather than having her financial future tied to accounts that may be liquidated by either party or converted to marital funds in the event the parties remarry." Fourth, she claimed that the parties' intent and the "actual language of the decree are in conflict" in regard to their Davis Drive home, and she asked that the court order the home be placed in a trust for the benefit of AH. Fifth, Kimberly asked that Scotty be ordered to "immediately reimburse" her for half of all sums she has paid for AH's health insurance as required under the PSA.

On August 7, Scotty filed a motion to dismiss on the basis of Rule 12(b)(6) of the Arkansas Rules of Civil Procedure. In an amended motion filed August 16, Kimberly repeated her requests for modification. However, she did not repeat her request that the parties be ordered to purchase life insurance policies or that she be reimbursed for health insurance costs.

On October 30, a hearing was held on Scotty's motion to dismiss, and the trial court clarified that Kimberly continued to seek an order that the parties obtain life insurance policies, even though that request was not included in the amended motion. The court also noted that no request was made regarding health insurance, and Kimberly's attorney stated, "We're close on that issue, Your Honor." The court stated that its notes would reflect that both issues were still "on the table." After hearing argument from both parties, the trial court denied the motion to dismiss. Kimberly's attorney was directed to file a new petition to incorporate all of Kimberly's claims.

2

In an order filed November 5, the court denied the motion to dismiss except for the request that both parties purchase a minimum $250,000 life insurance policy for AH's benefit. Also on November 5, Kimberly filed a second amended motion. In it, she asked that (1) the PSA be modified to allow either party to relocate within a sixty-mile radius of Garland County and to continue the PSA terms of custody; (2) child support be set pursuant to a change in circumstances; (3) "[t]he court should consider the terms of the [PSA] in light of [Scotty's] failure to disclose all of his assets and liabilities at the time that [Kimberly] was induced to accept the agreement," and the court should apply Rule 60(4)(c) of the Arkansas Rules of Civil Procedure; and (4) the Davis Drive home be placed into a trust for the benefit of AH "to give effect to their intent regarding the home[.]" Kimberly also asked for an award of attorney's fees and costs.

On September 4, 2019, Kimberly filed a motion for contempt. She alleged that the PSA provides that the parties share joint and legal custody and that the parties would have physical custody on every other weekend and "with a four (4) day/three (3) day split." She claimed that the parties "initially exchanged the minor child every day." She alleged that AH is now nine years old and wishes to stay with each parent for more than one night. In her motion, Kimberly set forth a proposed schedule to effectuate the four-day/three-day custodial periods. She stated that Scotty had refused to change to her suggested schedule. She asserted that Scotty should be held in contempt and punished accordingly for failure to abide by the court's order.

A hearing was held on September 20, and the parties stipulated on the record that they had placed the Davis Drive property into a trust to benefit AH, and a quitclaim deed

3

and trust documents were executed by Scotty and provided to Kimberly in open court. The issues that remained to be tried were regarding the parties' 401(k)s; the PSA's restriction on moving outside Garland County; the custodial schedule, which included Kimberly's contempt motion; and child support.

During Kimberly's testimony on cross-examination, she was asked about the allegations in her contempt petition. The trial court stated,

> Mr. Jones [Scotty's counsel], I'm gonna step on that question. Ms. Burnett [Kimberly's counsel] made the point at the outset that they're not really seeking a finding of contempt, just that they have not been following that and they want to get closer to it as they've allowed. I'm not . . . going to be finding either party in contempt because they modified this on their own. . . . So the idea of there being a contempt finding, don't even go there. That's a waste of my time.

Scotty's counsel argued,

> I would simply note that there hasn't been a formal change or request to be modified—that the schedule be modified. That hasn't been pled. . . . Not to beat a dead horse, but we've got an issue where if it's not contempt—and I agree, it's not—but if we don't have a petition for a change of that schedule, then—

The trial court responded,

> I'm viewing it like fact pleading. She's filed a motion for contempt. It's styled that . . . but I'm just looking at the facts that they set out and the request for relief they're asking for.

On October 17, the trial court issued a letter opinion in which the court generally ruled on the issues. The court found that Kimberly was opting to enforce the PSA on the issue of split custody and that she was within her right to do so; granted Kimberly relief from the provisions in the PSA that prohibited her relocation outside of Garland County; and ruled that the retirement accounts "should be equalized as of the date of the divorce." The trial court found that the preponderance of the evidence is that "both parties thought

4

the retirement accounts were roughly equivalent. That is not the case. The agreement provides that both parties have made full disclosure of all assets, and I find that this was not done." The trial court also ruled that in joint-custody cases, the income of both parties is assessed, support is set, and one-half of the difference "will follow the child."

Kimberly filed a motion for attorney's fees of $5,822.50 on December 2, based on the trial court's inherent power to award attorney's fees in domestic-relations proceedings. On December 16, Scotty filed a motion to strike arguing that under Rule 54(e)(2) of the Arkansas Rules of Civil Procedure, Kimberly's motion for fees was premature and unripe. In a letter ruling on December 17, the trial court awarded Kimberly $2,500 in attorney's fees.

On December 27, the trial court issued its order, which referenced the letter ruling. The order sets forth a custodial chart for the parties to follow; grants Kimberly relief from the provisions in the PSA that prohibit her relocation outside of Garland County; and orders that the retirement accounts be equalized as of the date of the divorce. The order reflects, "The parties agree that the Plaintiff, Scotty Howell, shall transfer $50,000.00 to the Defendant, Kimberly Howell." Finally, the order establishes the parties' respective incomes and child-support obligations and reflects that Scotty's obligation is $45.32 biweekly more than Kimberly's. Scotty was ordered to pay that amount and to pay $1,631.52 in retroactive child support from the date of the July 8, 2018, motion through October 17, 2019. Finally, Scotty was ordered to pay $2,500 in attorney's fees and costs within 180 days of the entry of the order. Scotty filed a timely notice of appeal, and this appeal followed.

However, because there is no ruling on Kimberly's motion for contempt, the trial court's order is not final and appealable.[1] The trial court ostensibly ruled on the contempt issue in a colloquy during the hearing wherein it stated that it was not going to make a contempt finding and that it considered Kimberly's contempt motion as one to enforce the PSA. However, there is no ruling on contempt contained in the final order.

This court has held that because a trial court's oral ruling was not included in its written ruling, the order lacked finality:

> Pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1), a party may appeal from a final judgment or final decree of the trial court. *Bevans v. Deutsche Bank Nat'l Trust Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008) (citing Ark. R. App. P.–Civ. 2(a)(1)). If a lawsuit has more than one claim for relief or more than one party, an order or judgment adjudicating fewer than all claims and all parties is neither final nor appealable. Ark. R. Civ. P. 54(b)(2). Administrative Order No. 2(b)(2) holds that an oral order announced from the bench does not become effective until reduced to writing and filed. *Nat'l Home Ctrs., Inc. v. Coleman*, 370 Ark. 119, 257 S.W.3d 862 (2007). Further, Arkansas Rule of Civil Procedure 58 provides that "[a] judgment or order is effective only when so set forth and entered as provided in Administrative Order No. 2." Our supreme court has noted that
>
> > this rule eliminates or reduces disputes between litigants over what a trial court's oral decision in open court entailed. If a trial court's ruling from the bench is not reduced to writing and filed of record, it is free to alter its decision upon further consideration of the matter. Simply put, the written order controls.
>
> *Nat'l Home Ctrs.*, 370 Ark. at 121, 257 S.W.3d at 863.
>
> In this case, even though the circuit court orally dismissed Sara and John's counterclaims at the bench trial, the court failed to address the ruling in the judgment.

---

[1]There are arguably three issues that are not addressed in the final order. The most notable of these is the missing ruling on Kimberly's motion for contempt. The other two issues that were not included in the final order were also addressed in court—the Davis Drive property was handled by stipulation and an exchange of documents and a quitclaim deed in open court, and Kimberly testified that she had been reimbursed for health insurance costs. We note that the issue of reimbursement of health insurance costs was not included in Kimberly's second amended motion.

Because the written order controls, we must assume that the circuit court has not disposed of the counterclaims.

*Derrick v. Derrick*, 2015 Ark. App. 272, at 3–4.

Accordingly, we hold that the order before us is not final because it does not address all of the claims raised, and we dismiss the appeal without prejudice.

Dismissed without prejudice.

VAUGHT and HIXSON, JJ., agree.

*Richard E. Worsham* and *Amanda D. Kennedy*, for appellant.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*; and *Sherry Burnett*, for appellee.