Cite as 2024 Ark. App. 99

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CV-22-333

| | | |
|---|---|---|
| KENNETH COLLEY | | **Opinion Delivered** February 14, 2024 |
| | APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66GDR-11-332] |
| V. | | |
| AUDREY COLLEY | | HONORABLE ANNIE HENDRICKS, JUDGE |
| | APPELLEE | |
| | | DISMISSED |

## RITA W. GRUBER, Judge

Kenneth Colley appeals from the February 16, 2022 order of the Sebastian County Circuit Court finding that he had not established a material change in circumstances warranting a reduction in child support and awarding attorney's fees to appellee Audrey Colley. He raises three points on appeal: (1) the circuit court erred in its application of the net-worth method by failing to establish a beginning and ending net worth; (2) the circuit court's finding that a material change of circumstances did not exist was clearly erroneous; and (3) the circuit court erred in awarding attorney's fees to Audrey. We dismiss.

Because we are dismissing, only an abbreviated recitation of the facts and procedural history is necessary. This is the fourth time these parties have been before this court since their divorce decree was entered on June 12, 2013. The parties have one child (MC), who was three years old at the time of the divorce. In *Colley v. Colley*, 2014 Ark. App. 194 (*Colley*

*I*), we dismissed the appeal without prejudice due to the lack of finality of the divorce decree. Thereafter, a final order was entered requiring Kenneth to pay $900 monthly in child support, which he appealed. *See Colley v. Colley*, 2014 Ark. App. 698, at 1, 450 S.W.3d 274, 275 (*Colley II*).

In *Colley II*, we held that "the circuit court, in calculating child support under Administrative Order No. 10, erred as a matter of law by failing to follow the appropriate procedure for determining Mr. Colley's net worth and to consider the factors required for determining child support." *Id.* at 2, 450 S.W.3d at 275. *Colley II* was then remanded for the circuit court to do as directed by this court. Ultimately, an agreed order was entered on June 7, 2016, setting Kenneth's child support at $900 a month and addressing Kenneth's child-support arrearage as well as court costs that had been assessed against Audrey. That order was never appealed.

On July 19, 2018, Audrey filed a combined motion to modify visitation and for contempt. The contempt request was in connection with an alleged $3600 arrearage in Kenneth's child support. Over a year later, on March 31, 2020, Kenneth filed a counterclaim for modification, alleging that a material change of circumstances had occurred to warrant that he have a right of first refusal when MC was in Audrey's care or, alternatively, joint physical custody. He further requested a reduction in his child-support obligation due to a reduction in his income or, alternatively, due to the extra time he claimed he had been spending with MC.

A hearing took place on July 21, 2020, at which both parties testified. The bulk of the testimony was in relation to Kenneth's lifestyle, assets, debts, and income, both as an employee of his father's appraisal company—Ken Colley & Associates—and as the owner of K.C. Colley Construction, which builds homes. Several exhibits were introduced, including a 2019 W-2 issued to Kenneth by his father's business and Kenneth's 2018 Form 1040 individual income tax return. There was also testimony from both parties regarding Kenneth's alleged child-support arrearage. The circuit court ruled from the bench that the child support appeared to be current or overpaid. Audrey's attorney inquired regarding the award of attorney's fees in connection with the child-support arrearage, given that the arrearage had not been cured until the day before the hearing. The court took that issue as well as the child-support modification under advisement, and Kenneth's counsel was directed to prepare an "interim order" reflecting the court's rulings.

On August 6, 2020, the circuit court issued a letter to the parties directing Kenneth "to provide his individual and business tax returns with all W-2s, 1099's included [sic] in addition to schedule Cs for each return for the years 2016, 2017 and 2018." The directives in that letter were later memorialized in an October 6, 2020 order.

On August 12, 2020, an order—presumably the "interim order" referenced at the hearing—was entered. It required the parties to brief the applicability of the new child-support guidelines, setting out that once the court reviewed the briefs, a separate order would be entered regarding Kenneth's child-support obligation. It reflected in relevant part that the court found that Kenneth's child support was current or overpaid. The order also took

Audrey's request for attorney's fees under advisement. The order is silent regarding Audrey's request that Kenneth be held in contempt and his visitation modified.

On August 4, 2021, Kenneth's counsel sent the circuit court a letter setting forth his understanding that "all evidence has been submitted to the Court" and requesting the status of the court's decision. The circuit court responded via an August 26, 2021 letter, which set out that Kenneth had "left tax returns in the clerk's office" that had not yet been reviewed. The letter also set out the circuit court's belief that, given the passage of time, the income information was not current or complete and that the child-support guidelines that were effective July 1, 2020, applied.

On February 16, 2022, the circuit court entered an order denying Kenneth's motion for modification of child support and awarding attorney's fees to Audrey. The order reflects that the court's decision was based on the testimony and evidence presented at the July 21, 2020 hearing, the posttrial briefs, and the tax returns submitted. Notably, the court referenced its October 6, 2020 order directing Kennth to submit the specified tax returns and other documents for 2016, 2017, and 2018. The order is silent as to Audrey's request to modify visitation as well as her request that Kenneth be held in contempt.

Kenneth filed a notice of appeal on March 17, 2022, which designated the entire record and specifically identified the February 16, 2022 order as the order he was appealing. The notice of appeal neither indicates that any other orders—interim or otherwise—are being

appealed[1] nor abandons any pending but unresolved claims, pursuant to Ark. R. App. P.–Civ. 3(e)(vi). Kenneth could not have abandoned any unresolved claims of Audrey's, *see Derrick v. Brown*, 2020 Ark. App. 20, at 3, and she did not cross-appeal.

This brings us to the third time these parties were before this court. *See Colley v. Hamilton*, 2023 Ark. App. 254 (*Colley III*). In *Colley III*, we remanded the case to settle and supplement the record. We did so because the 2016, 2017, and 2018 tax returns that were a part of the basis of the appealed order were not contained in the record. We also specifically stated, "We encourage counsel to review our rules and the record to ensure that no additional deficiencies are present."

Thereafter, three supplemental filings were made at the trial level. One consists of the August 6, 2020 letter order and the October 6, 2020 order, both of which were already contained in the record. Another is twelve pages encompassing our formal order regarding settling and supplementing the record; a May 11, 2023 motion for an order to allow Kenneth to file the tax documents under seal; a May 15, 2023 order granting that motion; and a May 15, 2023 "order settling record," which reflects that the "record for this matter did not include the tax documents sent to the Court and relied upon in the Court in issuing its Order entered February 16, 2022—which is the subject of the appeal." The last consists of the referenced tax records for 2016, 2017, and 2018—all told, 242 pages.

---

[1]We recognize that pursuant to Ark. R. App. P.–Civ. 3(a), an "appeal from any final order also brings up for review any intermediate order involving the merits and necessarily affecting the judgment."

This brings us to the present appeal. This case was reopened in July 2018 when Audrey filed her motion to modify visitation and for contempt. While the court's oral ruling at the July 21, 2020 hearing as well as the subsequent August 12 "interim order" does set out that the court found that Kenneth's child support appeared to be current or overpaid, it does not dispose of Audry's request for contempt. Moreover, while the February 16, 2022 order on appeal addresses a number of the factual issues raised in Audrey's case-opening motion and disposes of Kenneth's request to reduce his child-support obligation contained within his countermotion, it disposes of neither Audrey's request to hold Kenneth in contempt nor her request to modify Kenneth's visitation—her "affirmative claims," as characterized by Kenneth in his principal brief.

In *Howell v. Howell*, 2021 Ark. App. 97, we held that the order appealed from lacked finality because the circuit court had not ruled on appellee's motion for contempt. Like the present case, there was an indication in *Howell* that the circuit court had "ostensibly ruled" on the motion, but no ruling was contained in the final order. We explained:

> Pursuant to Arkansas Rule of Appellate Procedure–Civil 2(a)(1), a party may appeal from a final judgment or final decree of the trial court. *Bevans v. Deutsche Bank Nat'l Trust Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008) (citing Ark. R. App. P.–Civ. 2(a)(1)). If a lawsuit has more than one claim for relief or more than one party, an order or judgment adjudicating fewer than all claims and all parties is neither final nor appealable. Ark. R. Civ. P. 54(b)(2). Administrative Order No. 2(b)(2) holds that an oral order announced from the bench does not become effective until reduced to writing and filed. *Nat'l Home Ctrs., Inc. v. Coleman*, 370 Ark. 119, 257 S.W.3d 862 (2007). Further, Arkansas Rule of Civil Procedure 58 provides that "[a] judgment or order is effective only when so set forth and entered as provided in Administrative Order No. 2." Our supreme court has noted that

this rule eliminates or reduces disputes between litigants over what a trial court's oral decision in open court entailed. If a trial court's ruling from the bench is not reduced to writing and filed of record, it is free to alter its decision upon further consideration of the matter. Simply put, the written order controls.

*Nat'l Home Ctrs.*, 370 Ark. at 121, 257 S.W.3d at 863.

*Id.* at 6–7 (quoting *Derrick v. Derrick*, 2015 Ark. App. 272, at 3–4).

In this case, even though the circuit court—in both its oral ruling and the August 12 "interim order"—found that Kenneth's child support "appear[ed]" to be either current or overpaid, there is no indication in the record that the circuit court issued any rulings specifically disposing of Audrey's contempt and visitation-modification requests. Certainly, the order on appeal solely addresses and disposes of Kenneth's child-support-modification request. This court cannot presume a ruling from a circuit court's silence, and we will not review a matter on which the circuit court has not ruled. *See Brookewood, Ltd. P'ship v. DeQueen Physical Therapy & Occupational Therapy, Inc.*, 2018 Ark. App. 204, at 13, 547 S.W.3d 461, 469. Moreover, because the written order controls, we must assume that the circuit court has not disposed of Audrey's claims. *See Howell*, 2021 Ark. App. 97, at 7 (citing *Derrick*, 2015 Ark. App. 272, at 3–4).

Accordingly, we hold that the order before us is not final because it does not address all the claims raised, and we dismiss the appeal without prejudice. We once again strongly encourage counsel to review our rules and the record to ensure that no additional deficiencies are present.

Dismissed.

THYER and Brown, JJ., agree.

*Kevin Hickey*, for appellant.

*DeeAnna Weimar*, for appellee.