Dan WILBURN *v.* KEENAN COMPANIES, INC.

88-179                                          759 S.W.2d 554

Supreme Court of Arkansas
Opinion delivered November 14, 1988

[redacted] 

[redacted]

*Richard L. Peel*, for appellant.

*Jonathan P. Shermer, Jr.*, for appellee.

JACK HOLT, JR., Chief Justice. This is an action challenging the trial court's refusal to set aside a default judgment for want of sufficient service of process upon the appellant-defendant, Dan Wilburn. We find that the order appealed from is not final and dismiss the appeal.

On November 20, 1987, the appellee, Keenan Companies, Inc. (Keenan), filed a breach of contract action against Dan Wilburn and his brother, Harry Wilburn, seeking money damages. On January 19, 1988, the trial court granted Keenan's motion for default judgment because Dan Wilburn and Harry Wilburn had failed to appear or otherwise defend in the action.

On January 28, 1988, the Wilburns filed a motion to set aside the default judgment on the grounds that service of process was insufficient. Thereafter, in an order filed March 3, 1988, the court granted the motion to set aside the default judgment as to Harry Wilburn but denied the motion as to Dan Wilburn. From this order, Dan Wilburn appeals.

[redacted] Whether a final judgment, decree, or order exists is a jurisdictional issue we have to raise, even if the parties do not, in

order to avoid piecemeal litigation. *Mueller* v. *Killam*, 295 Ark. 270, 748 S.W.2d 141 (1988). In order to be final and appealable under Ark. R. App. P. 2 and Ark. R. Civ. P. 54(b), a trial court's order must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* Ark. R. Civ. P. 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon express entry of judgment. In the absence of such determination and direction, any order or other form of decision which adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision any time before the entry of a judgment adjudicating all the claims and the rights and liabilities of all the parties.

The trial court's order does not expressly direct the entry of a final judgment as to Harry Wilburn, but instead simply grants his motion to set aside the default judgment. Therefore, under Rule 54(b) the order does not terminate the action as to the other party in the action, Dan Wilburn. Simply put, the order is not final.

We will not reach the merits of an appeal if the order appealed from is not final. *Kilgore* v. *Viner*, 293 Ark. 187, 736 S.W.2d 1 (1987).

Appeal dismissed.