Gerold COWAN and Bonnie Cowan *v.* Gus SCHMIDLE and Martha Schmidle

92-564                                          848 S.W.2d 421

Supreme Court of Arkansas
Opinion delivered March 8, 1993
[Rehearing denied April 5, 1993.]

*David Hodges* and *John Patterson*, for appellants.

*Robert F. Meurer*, for appellees.

DAVID NEWBERN, Justice. The appellees, Gus and Martha Schmidle, alleged their neighbors, the appellants Gerold and Bonnie Cowan, allowed their holding pond for chicken litter to overflow causing harm to the Schmidles' property. The Cowans filed a number of defensive motions, such as for dismissal pursuant to Ark. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted and for summary judgment on the Schmidles' compensatory and punitive damages claims.

The Schmidles ultimately took a voluntary nonsuit pursuant to Ark. R. Civ. P. 41(a), yet the Cowans appeal asserting errors in various rulings of the Trial Court. The Schmidles have cross-appealed seeking an attorney's fee resulting from the Cowans' appeal which the Schmidles contend is frivolous. We hold the Cowans have no standing to appeal from rulings of the Trial Court having to do with the merits of their claim because at this point the litigation has been resolved in their favor. We do, however, address the Cowans' claims for statutory and rule-

authorized sanctions. Additionally, we hold the Schmidles are not entitled to an attorney's fee because the statute they cite as authority does not authorize such a fee on appeal.

## 1. The merits

■ It is not shown by the record in this case, but the Schmidles assert in their brief that they have refiled their claim and thus the litigation continues. The Cowans do not dispute that statement in their reply brief. When we are convinced that an appellant pursues an unauthorized interlocutory appeal, we dismiss it. *Ratzlaff* v. *Franz Foods of Arkansas*, 255 Ark. 373, 500 S.W.2d 379 (1973).

■ The record shows this case has been resolved in favor of the Cowans as a result of the Schmidles' voluntary nonsuit. While rulings on the merits may ultimately be appealable if there is a judgment against the Cowans, as of now the Cowans have prevailed and have no standing to appeal. There has been no decision prejudicial to them on the merits of their claim. *See Bynum* v. *Savage*, 312 Ark. 137, 847 S.W.2d 705 (1993). We dismiss that portion of the appeal having to do with the merits of the case.

## 2. Trial sanctions

We must, however, address the Cowans' assertion that the Trial Court erred in refusing to award sanctions. That aspect of the case has been decided against them. While it could be revisited in the Trial Court, there is no guarantee that the Schmidles will pursue their claim to judgment. Refusal by us to address the sanctions sought and denied at this juncture could result in denial of the Cowans' right to appeal.

Mr. Cowan admitted in deposition testimony that his pond had overflowed but said it was because he was hospitalized at the time, implying that he had not intentionally allowed it to get too full. In his deposition testimony Mr. Schmidle said the pond had overflowed in 1985 and 1988 and that he once spoke to Mr. Cowan who was apologetic prior to the 1991 incident which formed the basis of the Schmidles' claim.

To obtain an attorney's fee pursuant to Ark. Code Ann. § 16-22-309(a)(1) (Supp. 1991), a prevailing party must show there

was "a complete absence of a justifiable issue of either law or fact raised by the losing party or his attorney. . . ." To obtain an attorney's fee or other sanction pursuant to Ark. R. Civ. P. 11, it must be shown that an attorney or party signed a pleading not ground in fact, not warranted by existing law or a good faith argument for a change in the law, or filed for an improper purpose. *State* v. *Craighead County Bd. of Election Comm'rs*, 300 Ark. 405, 779 S.W.2d 169 (1989).

Mr. Schmidle testified in his deposition that the polluting overflow had occurred on three occasions, the latest of which occurred after he had complained of it. He said he had seen pumps at the Cowans' pond he believed to have been used to discharge the liquid litter onto a pasture from which it flowed to his land.

We cannot say the Trial Court erred in refusing to apply these laws with respect to the compensatory or punitive damages claim. The Trial Court neither abused his discretion, *Miles* v. *Southern*, 297 Ark. 274, 760 S.W.2d 868 (1988), reh. denied 297 Ark. 280-A, 763 S.W.2d 656 (1988), nor made a clearly erroneous factual determination in the application of Rule 11. *Smith* v. *MRCC Partnership*, 302 Ark. 547, 792 S.W.2d 301 (1990). *See also Ward* v. *Dapper Dan Cleaners and Laundry, Inc.*, 309 Ark. 192, 828 S.W.2d 833 (1992); *Jenkins* v. *Goldsby*, 307 Ark. 558, 822 S.W.2d 843 (1992); *Bratton* v. *Gunn*, 300 Ark. 140, 777 S.W.2d 219 (1989).

### 3. Appeal sanctions

In their cross-appeal, the Schmidles contend they are entitled to an attorney's fee pursuant to § 16-22-309(a)(1). They sought no such award in the Trial Court and are asking for the fee on appeal. A reading of the statute, particularly subsection (c), makes it clear that it applies in trial rather than appellate courts and thus furnishes no authority for the Schmidles' request.

Affirmed on appeal; affirmed on cross-appeal.