BEVERLY ENTERPRISES-ARKANSAS, INC.,
Individually and d/b/a Beverly Health and
Rehabilitation Center *v*. Paul HILLIER,
as Guardian of Dorothy Hillier

99-998                                    14 S.W.3d 487

Supreme Court of Arkansas
Opinion delivered April 13, 2000

*Floyd G. Rogers*, Judge; dismissed;

*Jones, Jackson & Moll, PLC*, by: *Randolph C. Jackson* and *Jay W. Kutchka*, for appellant.

*Nolan, Caddell & Reynolds, P.A.*, by: *Bennett S. Nolan*; and *Smith, Maurras, Cohen, Redd & Horan, PLC*, by: *Matthew Horan*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant, Beverly Enterprises-Arkansas, Inc., brings the instant appeal challenging the circuit court's order granting appellee Paul Hillier's motion for voluntary nonsuit and dismissing his complaint without prejudice. In response to Beverly's appeal, Hillier argues that the appeal should be (1) dismissed because the circuit court's order was not final for purposes of appeal, or (2) affirmed because Beverly waived the issue by failing to obtain a ruling on its motion to set aside the challenged order. The Court of Appeals certified this case for us to consider whether the circuit court's order granting appellee's motion for nonsuit constitutes a final order for purposes of appeal. We agree with appellee that the circuit court's order was not a final, appealable order. Accordingly, we grant appellee's motion to dismiss Beverly's appeal for lack of jurisdiction. *See* Ark. R. App. P.—Civil 2(a) (1999).

*Background*

After being appointed guardian of his mother, Dorothy Hillier, Paul Hillier commenced a civil negligence action on her behalf against Beverly on June 19, 1997. Dorothy then died on December 10, 1997. Paul then filed a second amended complaint on February 9, 1999. Ultimately, on April 29, 1999, Beverly filed a motion to dismiss, pursuant to Ark. R. Civ. P. 12(b)(6). Specifically, Beverly argued that the circuit court should dismiss the complaint with prejudice because Hillier (1) failed to revive the action within one year after Dorothy's death, as required by Ark. Code Ann. section 16-62-108, and (2) failed to commence a new action, through the

estate's administrator, pursuant to Ark. Code Ann. section 16-56-117(c).

Shortly after Beverly filed its motion to dismiss, Hillier filed a motion on May 12, 1999, to nonsuit the case pursuant to Ark. R. Civ. P. 41 (1999). On that same day, the circuit court granted Hillier's motion and dismissed the complaint without prejudice. On May 21, 1999, Beverly filed a response to Hillier's motion to nonsuit and a motion requesting that the circuit court set aside its May 12th order. Notably, the circuit court never ruled upon Beverly's prior motion to dismiss or upon its motion to set aside the court's order. Beverly then filed a notice of appeal on June 10, 1999, challenging the May 12, 1999, order.

### Finality of nonsuit order

■■ Ark. R. App. P.—Civil 2(a) (1999) permits the appeal of final judgments, decrees, or orders, which in effect discontinue the action or determine the action and prevent a judgment from which an appeal might be taken. Significantly, the supreme court will not reach the merits of an appeal if the order appealed from is not final or does not fall within one of the enumerated exceptions. See Wilburn v. Keenan Cos., 297 Ark. 74, 76, 759 S.W.2d 554, 555-56 (1988) (citing Kilgore v. Viner, 293 Ark. 187, 736 S.W.2d 1 (1987)); Ark. R. App. P.—Civil 2(a) (1999). In fact, the rule that an order must be final to be appealable is a jurisdictional requirement, observed to avoid piecemeal litigation. Wilburn, 297 Ark. at 75-76, 759 S.W.2d at 555. We have held that for an order to be final and appealable, it must terminate the action, end the litigation, and conclude the parties rights to the matter in controversy. Petrus v. Nature Conservancy, 330 Ark. 722, 725, 957 S.W.2d 688, 689 (1997); Allred v. National Old Line Ins. Co., 245 Ark. 893, 895-96, 435 S.W.2d 104, 106 (1968).

■■ Here, Hillier claims that the circuit court's order granting nonsuit and dismissing the claim without prejudice is not a final order or an adjudication on the merits because the merits of the cause are not finally determined. See Melton v. St. Louis I. M. & S. Ry. Co., 99 Ark. 433, 436, 139 S.W. 289, 291 (1911). We agree. First, contrary to Beverly's assertion, a plaintiff has an absolute right, pursuant to Ark. R. Civ. P. 41(a), to voluntarily nonsuit a claim

without prejudice. *Whetstone v. Chadduck*, 316 Ark. 330, 332, 871 S.W.2d 583, 584 (1994). Rule 41(a) provides that "an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court ... [and] such a dismissal is a matter of right." We have consistently upheld this provision. *See Whetstone*, 316 Ark. at 332, 871 S.W.2d at 584. Second, we have expressly held that where a plaintiff has exercised his absolute right to voluntarily dismiss his claim, the first dismissal is without prejudice and is not an adjudication on the merits. *See Lemon v. Laws*, 305 Ark. 143, 145, 806 S.W.2d 1, 2 (1991). Consequently, the order granting nonsuit is not a final order for purposes of appeal.

The case of *Cowan v. Schmidle*, 312 Ark. 256, 848 S.W.2d 421 (1993), is helpful to illustrate the precise issue before us in the instant appeal. In *Cowan*, we dismissed the appellants' appeal because we held that they had no standing to pursue the appeal. The Schmidles, as in the instant case, chose to voluntarily nonsuit their claim against the Cowans pursuant to Ark. R. Civ. P. 41(a). Subsequently, the Cowans appealed various rulings of the trial court. We determined that the Cowans were seeking an unauthorized interlocutory appeal because, as a result of the appellees' nonsuit, the case was resolved in the Cowans' favor. We noted that while rulings on the merits may be appealable if there is eventually a judgment against the Cowans, at the point the case was nonsuited, the Cowans actually prevailed and had no standing to appeal. In fact, there was no decision prejudicial to them on the merits of the underlying claim. Accordingly, we dismissed the portion of the appeal relating the merits of the case. *Cowan*, 312 Ark. at 258, 848 S.W.2d at 422-23.

■ Similarly, the circuit court honored Hillier's absolute right to voluntarily nonsuit his claim against Beverly. That order, dismissing the case without prejudice, leaves Hillier free to refile his suit against Beverly. Accordingly, at this time, there is no adjudication on the merits to review on appeal. Should Hillier refile the suit and the trial court reach the merits of the case, these issues may be ripe for appeal. In the meantime, we lack jurisdiction over the instant appeal because the circuit court's May 12, 1999, order granting a nonsuit and dismissing appellee's complaint without prejudice, is not a final, appealable order. Based upon the foregoing, we grant

appellee's motion submitted with the parties' briefs, and we dismiss the appeal.