## LIBERTY LIFE INSURANCE COMPANY *v.* Deborah McQUEEN

05–112                                                   219 S.W.3d 172

Supreme Court of Arkansas
Opinion delivered December 8, 2005

*Barrett & Deacon,* by: *Barry Deacon, D.P. Marshall Jr.,* and *Brandon Harrison,* for appellant.

*Blair and Stroud,* by: *H. David Blair* and *David L. Osman,* for appellee.

JIM GUNTER, Justice. This appeal arises out of a dispute of coverage under an accidental–death policy. Deborah McQueen filed a complaint, requesting an injunction against Liberty Life Insurance Company. She asked the Circuit Court of Marion County to enjoin Liberty from refusing to pay benefits to her mortgagee, the primary beneficiary under the policy, for the death of her husband, an insured. Liberty responded, denying that benefits were due under the

policy and requesting a jury trial. Ms. McQueen filed a motion to strike the demand for a jury trial, which the circuit court granted. Liberty has appealed the circuit court's order pursuant to Ark. R. App. P. -- Civ. 2(a)(4), authorizing an appeal of an order "which strikes out an answer, or any part of an answer, or any pleading in an action." *Id.* We dismiss the appeal.

In connection with a 1997 loan and mortgage, appellee, Deborah McQueen, and her husband, Steve McQueen, enrolled as insureds in a group accidental-death insurance plan underwritten by appellant, Liberty Life Insurance Company. The primary beneficiary listed in the policy is FirstMerit Mortgage Corporation, from whom the McQueens borrowed money secured by a mortgage in favor of FirstMerit on property owned by the McQueens in Marion County. Under the terms of the policy, in the event of the accidental death of one of the insureds, Liberty agreed to pay benefits to FirstMerit equal to the balance of the mortgage loan at the time of death.

On June 26, 2002, Steve McQueen drowned. Ms. McQueen provided proof of Mr. McQueen's death to Liberty and made a demand for payment of benefits. Liberty denied the claim, and Ms. McQueen filed a complaint against Liberty and FirstMerit, alleging that Liberty breached its contractual obligation to pay benefits to FirstMerit to satisfy the mortgage. She claimed that she had suffered damages in the amount of the balance of the indebtedness due at the time of her husband's death, or $45,708.14, and requested the court to grant injunctive relief against Liberty, "enjoining it from refusing to pay" to FirstMerit the amount of the secured indebtedness owed by the McQueens to FirstMerit and to pay the balance of the $45,708.14 to her.

FirstMerit filed a general denial requesting the court to dismiss the complaint. It did not seek, by cross-claim, a judgment for the policy proceeds. Liberty filed an answer denying that it owed anything because of an exclusion in the policy. In its answer, Liberty requested a jury trial. Ms. McQueen filed a motion to strike Liberty's jury request, which the circuit court granted. Liberty appealed the court's order, claiming it is entitled to a jury trial.

Ms. McQueen has filed a motion to dismiss this appeal, arguing that the order striking Liberty's demand for a jury trial was not a final order and therefore not appealable. Liberty responded by arguing that under the plain language of Ark. R. App. P. – Civ.

2(a)(4) (hereinafter, Rule 2(a)(4)), an order which "strikes out . . . any part of an answer" — as did the order in this case — is appealable. Ms. McQueen admits that Rule 2(a)(4) provides that an appeal may be taken from "[a]n order which strikes out an answer, or any part of an answer, or any pleading in an action." She argues, however, that a demand for a jury trial is not properly "part of an answer" for purposes of Rule 2(a)(4), but is merely an endorsement upon an answer. Therefore, the trial court's order granting her motion to strike Liberty's jury demand is not an appealable order within the ambit of Rule 2(a)(4).

■■ We have long held that, to be appealable, an order must be final. *See Carquest of Hot Springs, Inc. v. General Parts, Inc.*, 361 Ark. 25, 204 S.W.3d 53 (2005); Ark. R. App. P. – Civ. 2(a)(1). This requirement is a jurisdictional requirement. *Fisher v. Chavers*, 351 Ark. 318, 320, 92 S.W.3d 30, 31 (2002) (citing *Wilburn v. Keenan Cos., Inc.*, 297 Ark. 74, 759 S.W.2d 554 (1988)). The purpose of the finality requirement is to avoid piecemeal litigation. *Id.* (citing *Lamb v. JFM, Inc.*, 311 Ark. 89, 842 S.W.2d 10 (1992)). An order is final and appealable if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Id.* While there are exceptions to this finality requirement set forth in Ark. R. App. P. – Civ. 2(a), Ms. McQueen argues that a demand for a jury trial, even when requested in an answer, is not "part of the answer" for purposes of the exception set forth in Rule 2(a)(4). We agree.

■■ A party's request for a jury trial is governed by Rule 38 of the Arkansas Rules of Civil Procedure. Rule 38 states in relevant part as follows:

> (a) *Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by filing with the clerk a demand therefor in writing at any time after the commencement of the action and not later than 20 days prior to the trial date. Such demand may be *indorsed upon a pleading* of the party.

Ark. R. Civ. P. 38(a) (emphasis added). "Indorse" generally means to sign on the back, as in negotiating an instrument, or to approve of something. *See Black's Law Dictionary* 789 (8th ed. 1999). The Webster's New International Dictionary includes the definition "to inscribe something . . . on or in addition to (a document, esp. an official document)." *Webster's New International Dictionary* 845 (2nd ed. 1953).

An answer is "[a] defendant's first pleading that addresses the merits of the case, usu. by denying the plaintiff's allegations. An answer usu. sets forth the defendant's defenses and counterclaims." *Black's Law Dictionary* 100 (8th ed. 1999). While a jury demand may be included in the body of a pleading and thereby be considered by the circuit courts to meet Rule 38's requirement that the demand be "indorsed upon a pleading," we hold that the demand does not "address the merits of the case" and, therefore, is not "part of an answer" for purposes of circumventing the final-order requirement to appeal. Interpreting the language in Rule 2(a)(4) otherwise would cause the circuit court's denial of a jury demand to be appealable as an interlocutory appeal only if the demand were included in an answer. Thus, a *plaintiff* could *never* bring an interlocutory appeal of the denial of his request for a jury trial, nor could a defendant, who simply requested a jury trial pursuant to Rule 38 "by filing with the clerk a demand therefor in writing." We do not interpret Ark. R. App. P. – Civ. 2(a) to permit such an inconsistency. Either a party may bring an interlocutory appeal from the denial of a jury demand, or he may not.[1] We hold that he may not. Moreover, an order denying such a request does not "strike . . . part of an answer[,]" but simply denies the defendant's request for a jury trial.

Appeal dismissed.

---

[1] *See also McClendon v. Wood*, 125 Ark. 155, 188 S.W. 6 (1916) (We rejected a party's attempt to bring an interlocutory appeal of the denial of a jury trial by way of a writ of prohibition. We held that a writ of prohibition would not lie for the denial of a jury trial, stating "that the act of the court in proceeding to trial without allowing a jury, if erroneous, constitutes only an error or an irregularity which must be corrected by appeal.")