

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CV-15-625

MIKE ELLIS

APPELLANT

V.

DENEE ELLIS

APPELLEE

**Opinion Delivered:** SEPTEMBER 21, 2016

APPEAL FROM THE RANDOLPH COUNTY CIRCUIT COURT [NO.DR-2009-141]

HONORABLE PHILIP SMITH, JUDGE

DISMISSED

**ROBERT J. GLADWIN, Chief Judge**

This appeal arises out of a divorce case involving Denee Ellis and Mike Ellis. Both parties appeal from the circuit court's rulings. However, we must dismiss the appeal because our court lacks jurisdiction.

## I. *Background*

Denee and Mike Ellis married on November 30, 1996, and had two children during their marriage. In July 2009, Mike filed for divorce from Denee. In his complaint, Mike conceded that Denee was the appropriate party to be the custodial parent for their two minor children. Denee answered Mike's complaint. Later, Mike filed an amended complaint for divorce requesting an unequal division of the marital property. Denee answered the amended complaint and disputed Mike's entitlement to an unequal division of the marital property.

The circuit court held a trial on the parties' divorce over the course of seven days in 2011—May 10–11, June 14–15, June 24, June 28, and July 19. The trial focused primarily

SLIP OPINION

on the disposition of the parties' property. Ultimately, the circuit court adjudicated the issues in this case in a piecemeal fashion and issued several orders.

First, the circuit court granted the parties' divorce in an order entered June 20, 2011. The decree of divorce specifically provided that it did not adjudicate custody, visitation, support, alimony, or the division of property. The court retained jurisdiction to dispose of these matters.

Later, on August 19, 2011, the circuit court entered an order entitled "Visitation Order," setting out Mike's visitation schedule with the two minor children. This order provided only for Mike's visitation with the minor children and did not award custody of the children to either party. Again, the court retained jurisdiction to adjudicate the issues that remained unresolved.

On March 26, 2012, the circuit court entered an order to show cause. This order was entered in response to Mike's February 23, 2012 motion for contempt against Denee wherein he accused Denee of lying under oath.

On February 11, 2015, three and one half years after the trial, the circuit court entered an order that set Mike's child-support obligation and purported to equally divide the parties' property. Both parties appealed from this order. The circuit court entered another order on April 27, 2015. This order attempted to fully and finally resolve all pending issues before the court—including several posttrial motions. The order also contained a Rule 54(b) certificate. Both parties subsequently appealed the February 11 and April 27 orders.

## II. *Jurisdiction*

It is well settled that, in order to be appealable, an order must be final. *Liberty Life Ins. Co. v. McQueen*, 364 Ark. 367, 219 S.W.3d 172 (2005). An order is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Id.* The question of whether an order is final and subject to appeal is a jurisdictional question which this court will raise sua sponte. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003). Our review revealed that there are two issues still pending before the circuit court—custody of the minor children and Mike's motion for contempt.

First, we address the issue of custody. Absent from this case is any order adjudicating custody of the parties' two minor children. In his statement of the case, Mike refers to the circuit court's August 19, 2011 visitation order as a visitation and custody order, and both parties seemed to operate under the assumption that this order adjudicates custody. Nevertheless, nothing in the visitation order or any other order specifically addresses the issue of custody.

We acknowledge that Mike conceded in his initial complaint for divorce that Denee was the proper party to have custody of the children. Subsequent orders of the circuit court indicate that the circuit court intended to grant custody to Denee—the visitation order refers to Mike's visitation schedule with the children and the April 2015 order sets Mike's child-support obligation. Regardless of the circuit court's intentions, we hold that the absence of a specific provision naming Denee as the custodial parent prevents this court from exercising jurisdiction.

3

While this may seem as though our court is being overly critical, this deficiency must be cured.  An award of custody is always modifiable.  *Alphin v. Alphin*, 90 Ark. App. 71, 204 S.W.3d 103 (2004).  When evaluating a motion to modify custody a circuit court must determine whether there has been a material change of circumstances since the previous custody order.  *Walker v. Torres*, 83 Ark. App. 135, 118 S.W.3d 148 (2003).  Should issues arise that result in a motion to change custody, the circuit court would be without a custody order by which to evaluate the motion.  Additionally, we have concerns in the event that an agent of an outside entity such as a school or a police department, were to be charged with interpreting the rights of the parties as they relate to custody.

Next, we turn our attention to whether the circuit court disposed of Mike's contempt motion.  In February 2012, Mike filed a motion requesting that Denee be held in contempt for lying under oath, and the court entered a show-cause order.  In a posttrial hearing held on April 6, 2015, the circuit court orally announced its refusal to hold Denee in contempt of court.  Irrespective of that announcement, it is well settled that an oral order announced from the bench does not become effective until reduced to writing and filed.  *Nat'l Home Centers, Inc. v. Coleman*, 370 Ark. 119, 257 S.W.3d 862 (2007).

The April 2015 order that followed the posttrial hearing attempted to fully and finally dispose of all pending issues.  However, it did not specifically address Mike's contempt motion.  The opening paragraph of the order enumerated the motions being addressed in the order, and the contempt motion was not listed.  The April 2015 order also included a provision that "any and all relief sought by either party in the above described motions not specifically granted or addressed herein is denied." Because the contempt motion was never

described in this order, this provision is ineffective to dispose of the motion. Finally, the April 2015 order includes language that the court "adopts and incorporates herein each and every statement of reasoning and oral ruling it made from the bench during the hearing on April 6, 2015, as if restated herein word for word." We caution the circuit court that we will not condone the usage of such catch-all language. This language does not comply with the requirements or spirit of Arkansas Rule of Appellate Procedure–Civil 2, and it is not effective to adjudicate Mike's motion for contempt.

Based on our conclusion that the circuit court failed to dispose of all pending issues, we direct our attention to whether the Rule 54(b) certificate attached to the April 2015 order is effective to give this court jurisdiction over the appeal.

Rule 54(b) of the Arkansas Rules of Civil Procedure provides, in pertinent part, that

> [w]hen more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination, supported by specific factual findings, that there is no just reason for delay.

In order for a Rule 54(b) certificate to be effective, "the record must show facts to support the conclusion that there is a likelihood of hardship or injustice which would be alleviated by an immediate appeal rather than at the conclusion of the case." *Edwards v. Ark. Dep't Human Servs.*, 2015 Ark. 402, at 4, 474 S.W.3d 58, 60. Our rules also require that an order include specific findings of any danger of hardship or injustice that could be alleviated by an immediate appeal and that the order set out the factual underpinnings that establish such hardship or injustice. *Id.*

The certificate executed by the circuit court is woefully inadequate. It merely provides that "the parties would endure hardship, injustice and prejudice if they were not allowed appellate review at this point, given the efforts of the parties, counsel, and the Court to reach a final order." The circuit court seems to suggest that, because so much time has passed during the pendency of this litigation, an appeal is appropriate regardless of whether there is a final order. Even if this certificate complied with Rule 54(b), we do not find this statement persuasive. Our review shows that the circuit court took three and one half years to reach decisions regarding the division of the parties' property and Mike's child-support obligation, and often during this time, the parties were merely waiting for the court to issue its ruling. Accordingly, we are without jurisdiction to reach the merits of this appeal.[1]

Dismissed.

VIRDEN and GLOVER, JJ., agree.

*Dick Jarboe*, for appellant.

*Womack, Phelps & McNeill, P.A.*, by: *Tom D. Womack* and *Ryan M. Wilson*, for appellee.

---

[1] Issues on appeal in this case relate to whether the circuit court erred in determining Mike's child-support obligation. We do not offer an opinion on the propriety of the figures utilized by the circuit court to calculate child support. However, our cursory review indicates that, regardless of whether the figures the circuit court used to calculate child support were correct, the circuit court did not utilize the mathematical formula required by Administrative Order No. 10 when calculating Mike's obligation. We strongly suggest that the circuit court review its child-support determination.