
# ARKANSAS COURT OF APPEALS

No. CV-16-647

| | |
|---|---|
| BROOKEWOOD, LIMITED PARTNERSHIP<br>APPELLANT<br><br>V.<br><br>DEQUEEN PHYSICAL THERAPY AND OCCUPATIONAL THERAPY, INC.<br>APPELLEE | Opinion Delivered: FEBRUARY 8, 2017<br><br>APPEAL FROM THE SEVIER COUNTY CIRCUIT COURT<br>[NO. 67CV-12-60]<br><br>HONORABLE TOM COOPER, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## PER CURIAM

This case returns to our court after a previous dismissal for lack of finality. *See Brookewood, Ltd. P'ship v. DeQueen Physical Therapy & Occupational Therapy, Inc.*, 2016 Ark. App. 159. Following our dismissal, the case returned to the Sevier County Circuit Court, and the court entered an order that again fails to fully and finally resolve the matter. Therefore, we must dismiss this current appeal without prejudice.

DeQueen Physical Therapy and Occupational Therapy, Inc. (DeQueen), is a corporation formed by Darin Tollett and Kim Tollett (the Tolletts) that provides therapy services in and around DeQueen, Arkansas. Brookewood, Limited Partnership (Brookewood) is a long-term-care facility located in DeQueen, Arkansas, and Realization Rehab, PLLC (Realization), is also a provider of therapy services.

DeQueen and Brookewood entered into a twenty-year contract wherein DeQueen agreed to provide therapy services to the residents of Brookewood. DeQueen also agreed that it would not provide therapy services to any other long-term-care facilities in the area.

Issues arose between Brookewood and DeQueen, and DeQueen and the Tolletts filed a lawsuit against Brookewood for breach of contract and promissory estoppel. DeQueen and the Tolletts later amended their complaint and added a civil-conspiracy claim against Brookewood. DeQueen and the Tolletts also added Realization as a party and sued it for civil conspiracy and tortious interference with a contractual or business relationship.[1]

The case eventually proceeded to a three-day jury trial. At the conclusion of the trial, the jury rendered a verdict in DeQueen's favor. The circuit court entered a final judgment and later entered an amended and substituted final judgment to correct a clerical error. Brookewood filed motions for judgment notwithstanding the verdict, for new trial, or for remittitur. These posttrial motions were denied, and Brookewood timely appealed.

Our court dismissed that appeal for lack of a final order. In that opinion, our court indicated that the Tolletts' civil-conspiracy claim against Brookewood and their tortious-interference and civil-conspiracy claims against Realization were still pending.

Following the issuance of our mandate, the parties returned to the circuit court and filed a joint motion to dismiss without prejudice "any and all remaining individual claims of Darin and Kim Tollett not previously resolved" pursuant to Arkansas Rule of Civil Procedure 41(a). The circuit court entered an order of dismissal without prejudice as to

---

[1]The breach-of-contract claim filed by the Tolletts was ultimately dismissed in an order for partial summary judgment. The partial-summary-judgment order also disposed of the promissory-estoppel claim. The Tolletts still had a pending claim for civil conspiracy against Brookewood and civil-conspiracy and tortious-interference claims against Realization.

SLIP OPINION

any of the Tolletts' remaining claims. Brookewood timely filed its notice of appeal, and DeQueen timely filed its notice of cross-appeal.

Once again, we must dismiss this appeal for lack of finality. Our supreme court has held that "for an order to be final and appealable, it must terminate the action, end the litigation, and conclude the rights to the matter in controversy." *Beverly Enters.–Ark., Inc. v. Hillier*, 341 Ark. 1, 3, 14 S.W.3d 487, 488 (2000). A circuit court's order granting a nonsuit and dismissing claims without prejudice is not a final order or an adjudication on the merits because the merits of the cause are not finally determined. *Id.*

Following our court's previous dismissal, the parties attempted to remedy all finality issues by dismissing any of the Tolletts' remaining claims without prejudice. Because the voluntary dismissal of claims without prejudice is insufficient to create a final and appealable order, we lack jurisdiction to reach the merits of this appeal. We strongly recommend that the parties carefully review our appellate rules and caselaw to avoid further delay.

Dismissed without prejudice.