SLIP OPINION



Cite as 2017 Ark. 310

# SUPREME COURT OF ARKANSAS

**No.** CV-17-438

| | |
|---|---|
| TERRICK NOONER<br>APPELLANT | **Opinion Delivered** November 9, 2017 |
| V. | |
| WENDY KELLEY, DIRECTOR,<br>ARKANSAS DEPARTMENT OF<br>CORRECTION; AND DONALD<br>TRUMP, PRESIDENT, UNITED<br>STATES OF AMERICA<br>APPELLEES | PRO SE MOTIONS FOR<br>EXTENSION OF TIME; FOR<br>SANCTIONS; AND FOR AN<br>INTERLOCUTORY INJUNCTION;<br>PRO SE PETITIONS FOR WRIT OF<br>CERTIORARI AND PRO SE<br>AMENDED PETITIONS FOR WRIT<br>OF CERTIORARI<br>[LINCOLN COUNTY CIRCUIT<br>COURT, NO. 40CV-16-133]<br><br>APPEAL DISMISSED; MOTIONS<br>MOOT; PETITIONS FOR WRIT<br>OF CERTIORARI MOOT. |

**KAREN R. BAKER, Associate Justice**

Appellant, Terrick Nooner, appeals from the denial of multiple pro se motions filed by him in connection with a pro se civil-rights action he filed in circuit court pursuant to 42 U.S.C. § 1983. Pending before this court are Nooner's motions requesting an extension of seven months to file his appellant brief; for sanctions against Cindy Glover, circuit clerk of Lincoln County, for refusing to provide Nooner with a copy of the record that has been lodged in this appeal; and for an interlocutory injunction. Nooner has also filed a petition for a writ of certiorari to supplement the record in this pending appeal; an amended petition for writ of certiorari seeking an explanation from the circuit court regarding a motion filed by Nooner for default judgment and certain discovery motions that were also filed by him;

a petition for writ of certiorari asking that the circuit clerk provide a copy of a directed-verdict motion filed by Nooner in the circuit court in June 2017; and an amended petition for certiorari asking this court to supplement the record with pleadings filed by Nooner naming the circuit clerk, Cindy Glover, as a party to the underlying action. Because the order denying Nooner's motions was not a final, appealable order, we dismiss the appeal which renders Nooner's motions and petitions for a writ of certiorari moot.[1]

The record reveals that in November 2016, Nooner filed a complaint against the appellees entitled "Statement of Cause of Action," wherein he alleged that the appellees had violated his civil rights. In addition to this civil complaint, Nooner subsequently filed multiple motions for, among other things, a preliminary injunction, a temporary restraining order, a judgment on the pleadings, and discovery motions that included interrogatories and requests for admissions. The circuit court denied Nooner's motions and other pleadings on May 12, 2017, on the basis that Nooner had failed to provide proof of service with respect to the complaint and the related pleadings. The circuit court made clear that its jurisdiction is dependent on proper service of a summons and complaint within the time period provided by the Arkansas Rules of Civil Procedure. *See* Ark. R. Civ. P. 4(a) & (i) (2016). The

---

[1]The circuit clerk of Lincoln County tendered a supplemental record to this court on August 21, 2017. The tendered record contains additional copies of motions filed by Nooner that were specifically addressed and denied by the circuit court in its May 12, 2017 order. The supplemental record also contains motions filed by Nooner after the circuit court had entered its order from which this appeal has been lodged.

record does not contain proof that Nooner served his complaint or motions on either of the named defendants as prescribed by the rules of procedure.[2]

We have explained that Rule 2(a) of the Arkansas Rules of Appellate Procedure–Civil (2016) permits the appeal of final judgments, decrees, or orders, which discontinue the action. *Beverly Enters.-Ark., Inc. v. Hillier*, 341 Ark. 1, 3, 14 S.W.3d 487, 488 (2000). For an order to be final and appealable, it must terminate the action, end the litigation, and conclude the parties' rights to the matter in controversy. *Petrus v. Nature Conservancy*, 330 Ark. 722, 725, 957 S.W.2d 688, 689 (1997); *Allred v. Nat'l Old Line Ins. Co.*, 245 Ark. 893, 895–96, 435 S.W.2d 104, 106 (1968). This court will not reach the merits of an appeal if the order appealed from is not final or does not fall within one of the enumerated exceptions.[3] *Beverly Enters.-Ark., Inc.*, 341 Ark. at 3, 14 S.W.3d at 488 (citing *Wilburn v. Keenan Cos.*, 297 Ark. 74, 76, 759 S.W.2d 554, 555–56 (1988)). The question whether an order is final and subject to appeal is a jurisdictional question which this court will raise sua sponte. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 103, 110 S.W.3d 725, 726 (2003).

Here, the record demonstrates that although the circuit court did not dismiss the complaint for lack of service of process, it entered an order that denied multiple motions filed by Nooner in connection with his underlying cause of action because of his failure to

---

[2]Nooner named additional defendants in his subsequent motions but failed to properly join those defendants to the original action by amending his complaint in accordance with Rule 15(c)(2) of the Arkansas Rules of Civil Procedure.

[3]The order from which Nooner has appealed does not meet any of the exceptions enumerated in Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil.

perfect service.[4]  The order entered by the circuit court did not terminate Nooner's civil rights action, end the litigation, or conclude the parties' rights. *Petrus*, 330 Ark. at 725, 957 S.W.2d at 689.  Without a final order on the merits, this court does not have appellate jurisdiction.  *Moses*, 353 Ark. at 103, 110 S.W.3d at 726.

Appeal dismissed; motions moot; petitions for writ of certiorari moot.

---

[4]Had the circuit court dismissed the action pursuant to Arkansas Rule of Civil Procedure 4(i), the dismissal would have been without prejudice to refiling his claims. *Jordan v. Circuit Court of Lee Cnty.*, 366 Ark. 326, 333, 235 S.W.3d 487, 492–93 (2006); *see also Beverly Enters.-Ark., Inc.*, 341 Ark. at 3, 14 S.W.3d at 488.  Therefore, a first dismissal under Rule 4(i) does not function as an adjudication on the merits, and an order dismissing a plaintiff's claims without prejudice under 4(i), likewise, is not a final, appealable order. *Beverly Enters.-Ark., Inc.*, 341 Ark. at 3, 14 S.W.3d at 488; *see also Benedict v. Arbor Acres Farm, Inc.*, 265 Ark. 574, 577, 579 S.W.2d 605, 607 (1979).