Cite as 2020 Ark. 159

# SUPREME COURT OF ARKANSAS
No. CR-19-316

| | | |
|---|---|---|
| KAREN SIEGEL | | Opinion Delivered: April 23, 2020 |
| | APPELLANT | |
| | | APPEAL FROM THE CRAIGHEAD |
| V. | | COUNTY CIRCUIT COURT |
| | | [NO. 16JCR-15-1129] |
| STATE OF ARKANSAS | | |
| | | HONORABLE BRENT DAVIS, JUDGE |
| | APPELLEE | |
| | | APPEAL DISMISSED. |

**ROBIN F. WYNNE, Associate Justice**

This appeal follows appellant Karen Siegel's conviction in district court in 2015 on thirty-one misdemeanor counts of cruelty to animals pursuant to Arkansas Code Annotated section 5-62-103 (Repl. 2016), her appeal to circuit court, and the subsequent dismissal of charges on speedy-trial grounds. The State appealed the dismissal to this court, and we held that the State's appeal was not authorized under Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal and dismissed the appeal. *See State v. Siegel*, 2018 Ark. 269, 555 S.W.3d 410. Siegel had filed motions seeking a declaration that Arkansas Code Annotated sections 5-62-106 (Disposition of Animal) and 5-62-111 (Prevention of Cruelty) are unconstitutional and seeking the return of her seized property. She now appeals from the circuit court's orders denying her motions to declare those statutes unconstitutional and conditionally granting her motion for return of seized property. We must dismiss the appeal for lack of a final order.

On December 6, 2018, the circuit court entered a "conditional order" granting

Seigel's motion for return of seized property. The court's order included the following:

ORDER IN REGARD TO PETITION FOR RETURN OF SEIZED PROPERTY

(1) The 31 animals originally seized were possessed by Defendant exclusively for use as breeding animals with their sole function to produce Schnauzer puppies.

(2) Three animals died and are unavailable to be returned.

(3) The evidence introduced at the February 2, 2018 hearing established that most, if not all, of the remaining 28 dogs had been spayed or neutered and relocated to various locations where they have been held as pets for in excess of three years.

(4) The animals that have been altered and are no longer suitable for breeding purposes are of no value to the Defendant, and it would serve no purpose to return these animals to Defendant. Further, it would be inhumane to remove these animals in their altered condition after they have existed as pets for over three years.

(5) The [Craighead County Sheriff's Office (CCSO)], the seizing agency, shall conduct an investigation to determine, if possible, the location of any of the seized animals and whether or not they have been spayed, neutered or otherwise no longer have reproductive capacity. The CCSO shall provide a report to the Court, the State and the Defendant regarding the above no later than January 4, 2018.

(6) In the event any or all of the seized animals are not available to be returned to Defendant, or have been altered to render them of no value to Defendant, Defendant shall be entitled to pursue any civil remedies available to her to recover fair compensation for the value of the property seized and not returned. Due to the complexity of the issue involved in the valuation of any damages for the loss or alteration of the animals and any offsets for reasonable expenses incurred by the State or others for their reasonable care, a separate action in the civil division of circuit court will provide a better venue to address the issue of damages in a comprehensive fashion.

(7) The Court will schedule further hearings, if necessary, based on the findings of the investigative report by the CCSO or at the request of the parties, if necessary.

The record reflects that the CCSO filed its report on January 7, 2019, and the court took no further action. On appeal, in addition to her constitutional arguments, Siegel contends that "the trial court erred by not ordering the return of the seized property in this case, and by not assigning a value to the property and ordering that [she] be compensated for the property that was destroyed, damaged, or otherwise rendered useless for the intended purpose." We first address the State's argument that the appeal should be dismissed because the order being appealed is not final.

The requirement of a final judgment is the cornerstone of appellate jurisdiction, and this court reviews only final orders. *Ark. State Claims Comm'n v. Duit Constr. Co.*, 2014 Ark. 432, 445 S.W.3d 496 (citing *Robinson v. Villines*, 2012 Ark. 211).[1] For an order to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* Stated another way, for an order to be final and appealable, the order must put the circuit court's directive into execution, ending the litigation, or a separable branch of it. *Id.* The purpose of the finality requirement is to avoid piecemeal litigation. *Liberty Life Ins. Co. v. McQueen*, 364 Ark. 367, 370, 219 S.W.3d 172, 174 (2005).

Here, Siegel argues that "the trial court should have ordered the return of the dogs and their offspring, determined the damages as it relates to the dogs that died and the ones

_____

[1]Exceptions to the finality requirement can be found in Ark. R. App. P.–Civ. 2 and Ark. R. Civ. P. 54(b). None apply in the present case.

that were spayed and neutered, and ordered compensation for the damages to be paid by Craighead County." But the conditional order did not make specific findings as to the return of the dogs or as to damages, and it expressly left open the possibility of further proceedings. Thus, we conclude that there is no final, appealable order in this case.

Appeal dismissed.

Special Justice JULIE LINCK joins.

KEMP, C.J., not participating.

*Hancock Law Firm*, by: *Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.