Cite as 2020 Ark. App. 536

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV-20-105

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered:** November 18, 2020 |
| KENT MCKELVEY | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60DR-17-442] |
| V. |  |  |
| SHERYL MCKELVEY | APPELLEE | HONORABLE CATHLEEN V. COMPTON, JUDGE |
|  |  | APPEAL DISMISSED |

## WAYMOND M. BROWN, Judge

Appellant Kent McKelvey appeals the divorce decree entered by the Pulaski County Circuit Court. Appellant argues on appeal that the circuit court erred by (1) not making an equitable division of the property when it divided appellant's disability policy equally, (2) giving appellee 100 percent of C.M.'s disability income when the parties are sharing joint legal and physical custody of her, and (3) giving appellee one-half of $20,000 when the funds were used to pay appellee's monthly living expenses during the marriage. We dismiss for lack of jurisdiction.

The parties were married on December 17, 1994, and two children were born of the marriage, K.D.M. and C.M. Appellee filed a complaint for separate maintenance on February 3, 2017, stating that the parties separated in January. She asked that she be granted

custody of the parties' minor child, C.M., and that appellant be ordered to pay child support. Appellant filed an answer on February 24, denying the material allegations of appellee's complaint. He also counterclaimed for divorce, alleging general indignities as the basis. He asked that he be granted an absolute divorce from appellee. He also sought full custody of C.M. with appellee paying child support. He filed an amended counterclaim for divorce on March 7. Appellee filed an answer to the amended counterclaim for divorce on March 21, denying the material allegations.

The parties' divorce hearing took place on September 12, 2019.[1] At the beginning of the hearing, the parties informed the court that they agreed to joint physical and legal custody of C.M. The court entered the divorce decree on September 17, 2019, granting appellant a divorce based on eighteen months' separation.[2] In that order, the court acknowledged that the parties had entered into a partial property settlement agreement (PSA), which had been approved by the court and would be incorporated into a separate order. The court entered an amendment to the divorce decree on October 25 dealing with property issues and other contested issues. In the amendment, the court found that appellant's private disability policy was marital property and should be divided as such. The court denied appellee's request for child support, but it did order appellant to remit C.M.'s Social Security payments to appellee for the use and benefit of C.M. The court also ordered appellant to reimburse appellee $10,000 of the money he took out of the parties' joint One

---

[1]There were several continuances; however, the reasons for the continuances are unknown.

[2]At the beginning of the hearing, the court was informed that the parties had agreed to appellant obtaining a divorce based on this ground.

Banc account. However, the amendment failed to incorporate the PSA, and neither the divorce decree nor the amendment addressed custody of C.M. Additionally, the PSA is not included in the record, making it impossible for this court to ascertain its contents.

It is well settled that in order to be appealable, an order must be final.[3] An order is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy.[4] Whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte.[5] Our review reveals that custody of C.M. is an issue the circuit court has not yet resolved. For this reason, we dismiss for lack of jurisdiction.

Appeal dismissed.

VIRDEN and VAUGHT, JJ., agree.

*LaCerra, Dickson, Hoover & Rogers, PLLC*, by: *Traci LaCerra*, for appellant.

*McMath Woods P.A.*, by: *John D. Coulter*, for appellee.

---

[3]*Ellis v. Ellis*, 2016 Ark. App. 411, 501 S.W.3d 387.

[4]*Id.*

[5]*Id.*