Cite as 2022 Ark. App. 20

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV–21–37

| | |
|---|---|
| ALB INVESTMENTS, LLC <br> APPELLANT <br><br> V. <br><br> CARL ECHOLS <br> APPELLEE | OPINION DELIVERED JANUARY 19, 2022 <br><br> APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-19-761] <br><br> HONORABLE JOHN R. SCOTT, JUDGE <br><br> REMANDED TO SETTLE AND SUPPLEMENT THE RECORD |

## ROBERT J. GLADWIN, Judge

ALB Investments, LLC (ALB), appeals the September 30, 2020 decree quieting title in favor of Carl Echols entered by the Benton County Circuit Court. ALB argues that the circuit court erred (1) in disqualifying its counsel, and (2) in granting default judgment in favor of Echols for ALB's failure to defend. We do not reach the merits of ALB's claims because we must remand the case to settle and supplement the record.

Echols filed a complaint for quiet title on April 3, 2019, against ALB, Joshua Duggar, and Edward Lewis regarding certain property commonly known as 16911 Mahurin Loop, Garfield, Benton County, Arkansas. Duggar filed a motion to dismiss on May 2. ALB filed both an answer and a motion to dismiss on May 7; however, Lewis did not respond to the complaint. According to the table of contents in the pleadings record submitted by ALB,

the circuit court entered an order dismissing Duggar on June 10; however, the corresponding page in the record is encrypted and completely illegible.

Echols filed an amended complaint on June 4 against ALB and Lewis, to which ALB filed its answer on July 5. Lewis, again, did not respond. After multiple motions and responses were exchanged by the parties, ALB filed a counterclaim on December 23, to which Echols filed his answer on January 13, 2020.

On February 5, Echols again amended his complaint, and ALB filed its answer on February 25. The following day, ALB filed a motion for summary judgment, followed eight days later, on March 5, by Echols's motion to disqualify counsel pursuant to Arkansas Rule of Professional Conduct 3.7. On March 9, while ALB's motion for summary judgment was pending, the circuit court scheduled a hearing on Echols's motion to disqualify counsel for March 24. On March 10, the circuit court scheduled a hearing for April 13 for ALB's motion for summary judgment.

Prior to the scheduled hearing, the circuit court granted Echols's motion to disqualify counsel on March 23. In response, Echols filed a motion to strike and for attorney's fees on April 4, and the circuit court subsequently dismissed ALB's motion for summary judgment on April 15, during a time when ALB was not represented by counsel. Thereafter, ALB retained substitute counsel who filed a response to Echols's motion to strike on April 20, but who failed to further participate in the case, communicate with opposing counsel, or make court appearances.

On July 29, the circuit court set for hearing "all pending motions" on September 10. Echols appeared at that hearing through counsel; ALB's counsel failed to appear; and the

circuit court granted Echols the relief he had requested in the original complaint and ordered his counsel to draft an order. On September 25, Echols filed copies of affidavits of publication, his affidavit noting that a copy of the complaint had been posted on the real property, and an accounting for attorneys' fees expended. The circuit court entered Echols's prepared decree quieting title to the property on September 30.

ALB filed a timely notice of appeal on October 30. An amended decree quieting title was filed on December 15 correcting the property description to reflect that the property was subject to an access and utility easement along the north side. ALB did not file a subsequent notice of appeal to include the amended decree.

The record before us contains multiple necessary pages that are encrypted and illegible, at least one of which is the document located at page 63 purportedly dismissing Joshua Duggar from the case.[1] Consequently, we lack information necessary to the disposition of ALB's appeal. Our rules provide that if anything material to either party is omitted from the record by error or accident, we may direct that the omission be corrected and that a supplemental record be certified and transmitted. *See* Ark. R. App. P.–Civ. 6(e) (2020).

Accordingly, we order the record to be settled and supplemented pursuant to Rule 6(e) with the relevant and unencrypted order. ALB has seven days to settle and supplement the record.

---

[1]We note that in the pleadings record before us, both page 126 (listed in the table of contents of the pleadings record as an order to compel discovery filed on September 20, 2019) and page 164 (which, noting the signature page signed by the judge, is an order to appear and show cause) are also encrypted and illegible.

Remanded to settle and supplement the record.

VIRDEN and WHITEAKER, JJ., agree.

*Webb Law Office*, by: *Samuel A. Martin*, for appellant.

One brief only.