Cite as 2022 Ark. App. 111

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-21-153

|  | | |
|---|---|---|
| | | Opinion Delivered March 2, 2022 |
| KENT MCKELVEY | | |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION [NO. 60DR-17-442] |
| V. | | |
| SHERYL MCKELVEY | | |
| | APPELLEE | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| | | |
| | | APPEAL DISMISSED |

**WAYMOND M. BROWN, Judge**

Appellant Kent McKelvey appeals the divorce decree entered by the Pulaski County Circuit Court. Appellant argues on appeal that the circuit court erred by (1) not making an equitable division of the property when it divided appellant's disability policy equally, (2) giving appellee 100 percent of C.M.'s disability income when the parties are sharing joint legal and physical custody of her, and (3) giving appellee one-half of $20,000 when the funds were used to pay appellee's monthly living expenses during the marriage. We dismiss for lack of jurisdiction.[1]

---

[1]This is the second time this case has been before us. We originally dismissed for lack of jurisdiction. *See McKelvey v. McKelvey*, 2020 Ark. App. 536. After dismissal, the circuit court filed the property-settlement agreement (PSA) and made it apart of the record.

The parties were married on December 17, 1994, and two children were born of the marriage, K.D.M. and C.M. Appellee filed a complaint for separate maintenance on February 3, 2017, stating that the parties separated in January. She asked that she be granted custody of the parties' minor child, C.M., and that appellant be ordered to pay child support. Appellant filed an answer on February 24, denying the material allegations of appellee's complaint. He also counterclaimed for divorce, alleging general indignities as the basis. He sought an absolute divorce from appellee as well as full custody of C.M. with appellee paying child support. Appellant filed an amended counterclaim for divorce on March 7. Appellee filed an answer to the amended counterclaim for divorce on March 21, denying the material allegations.

The circuit court held a divorce hearing on September 12, 2019, after several unexplained continuances. At the beginning of the hearing, the parties informed the circuit court that they had agreed to joint physical and legal custody of C.M. The circuit court entered the divorce decree on September 17, granting appellant a divorce based on eighteen months' separation.[2] In that order, the circuit court stated that the parties had entered into a partial PSA, which had been approved by the court and would be incorporated into a separate order. The circuit court entered an amendment to the divorce decree on October 25, addressing property issues and other contested issues. The amendment did not

---

[2]At the beginning of the hearing, the parties informed the circuit court that they had agreed to appellant obtaining a divorce on this ground.

2

incorporate the PSA, and neither the divorce decree nor the amendment addressed custody of C.M. After this case was returned to the circuit court following our dismissal, the circuit court filed the PSA and made it part of the record.[3] However, the PSA has not been incorporated into the divorce decree or its amendment as the circuit court initially stated it would be. Therefore, child custody remains an outstanding issue.

It is well settled that in order to be appealable, and order must be final.[4] An order is final if it dismisses the parties from the court, discharges them from action, or concludes their rights to the subject matter in controversy.[5] Whether an order is final and subject to appeal is a jurisdictional question that this court will raise sua sponte.[6] Based on our review, custody of C.M. is an unresolved issue. For this reason, we dismiss for lack of jurisdiction.

Appeal dismissed.

KLAPPENBACH and VAUGHT, JJ., agree.

*LaCerra, Dickson, Hoover & Rogers, PLLC*, by: *Traci LaCerra*, for appellant.

*McMath Woods P.A.*, by: *John D. Coulter*, for appellee.

---

[3]The PSA reflects that the parties are to share joint legal and physical custody of C.M.

[4]*Ellis v. Ellis*, 2016 Ark. App. 411, 501 S.W.3d 387.

[5]*Id.*

[6]*Id.*