Cite as 2022 Ark. App. 160

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-37

| | | |
|---|---|---|
| ALB INVESTMENTS, LLC | | Opinion Delivered April 13, 2022 |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-19-761] |
| V. | | |
| CARL ECHOLS | APPELLEE | HONORABLE JOHN R. SCOTT, JUDGE |
| | | DISMISSED WITHOUT PREJUDICE |

**ROBERT J. GLADWIN, Judge**

ALB Investments, LLC (ALB), is again before us with this one-brief appeal of the September 30, 2020 decree quieting title filed by the Benton County Circuit Court. On January 19, 2022, we remanded the case to settle and supplement the record with certain relevant and unencrypted documents pursuant to Arkansas Rules of Appellate Procedure–Civil 6(e) (2021). *See ALB Invests., LLC v. Echols*, 2022 Ark. App. 20. The record has been supplemented with the necessary documents, and no new briefs have been submitted. ALB argues that the court erred in (1) disqualifying its counsel and (2) granting default judgment in favor of Carl Echols for failure to defend. We dismiss without prejudice.

Echols filed a complaint for quiet title on April 3, 2019, against ALB, Joshua Duggar, and Edward Lewis regarding certain property commonly known as 16911 Mahurin Loop,

Garfield, Benton County, Arkansas.[1] ALB filed both an answer and a motion to dismiss on May 7; however, Lewis did not respond to the complaint. The circuit court entered an order on June 10 dismissing Duggar from the lawsuit with prejudice. Echols filed an amended complaint on June 4, to which ALB responded by filing its answer on July 5. After multiple motions and responses were exchanged by the parties, ALB filed a counterclaim on December 23, to which Echols filed his answer on January 13, 2020.

On February 5, Echols again amended his complaint. ALB filed its answer on February 25, followed by a motion for summary judgment the following day.

On March 5, Echols moved to disqualify pursuant to Rule 3.7 of the Arkansas Rules of Professional Conduct (2020) seeking the removal of ALB's counsel, Travis Story. Echols's reason for requesting the disqualification was that "[Echols] expects and is likely to call Travis W. Story, Esq. as a witness for a number of reasons."

While ALB's motion for summary judgment was pending, on March 9, the circuit court scheduled a hearing on Echols's motion to disqualify counsel for March 24. On March 10, the circuit court scheduled a hearing for April 13 on ALB's motion for summary judgment.

Without a hearing, on March 23—the day before the hearing scheduled on the motion to disqualify counsel—the circuit court granted Echols's motion to disqualify.[2] On April 4,

---

[1] The complaint also included counts of fraud and breach of contract.

[2] ALB had thirty days to appeal the order granting the motion to disqualify pursuant to Ark. R. App. P.–Civ. 4 (2020). *See In re Estate of Stinnett*, 2011 Ark. 278, at 6, 383 S.W.3d 357, 361 (holding that if an order is appealable under Rule 2(a), it must be appealed within

Echols moved to strike ALB's answer, counterclaim, answers to Echols's amended complaint, and motion in limine, alleging that Story was never qualified to serve as ALB's attorney in this case, and for attorney's fees. The court subsequently dismissed ALB's motion for summary judgment on April 15 while ALB was not represented by counsel. Thereafter, ALB retained substitute counsel who filed a response to Echols's motion to strike on April 20 but who failed to further participate in the case, communicate with opposing counsel, or make court appearances.

On July 29, the circuit court notified the parties that all pending motions—including Echols's motion to strike ALB's answer, counterclaim, answers to Echols's amended petitions, and motion in limine—would be heard on September 10. Echols appeared through counsel, but for some unknown reason, neither ALB's replacement counsel nor any ALB representative appeared at the September 10 hearing. The circuit court noted the lack of appearances for ALB and, without taking any evidence, stated from the bench, "I'm going to grant the Motion to Strike and the Motion for Attorney's Fees, and I'm also going—it's moot as to the Motion in Limine regarding evidence of criminal convictions. And I'm going to grant the relief for quiet title prayed for in the original complaint." The circuit court directed Echols's counsel to draft an order.

___

the thirty days after entry of the order as prescribed by Ark. R. App. P.–Civ. 4(a)). No notice of appeal was filed in this matter until the present notice of appeal dated October 30, 2020, which designated only the September 30, 2020 order quieting title as the order being appealed.

On September 25, Echols filed with the circuit court copies of an affidavit of publication and Echols's affidavit noting that a copy of the complaint had been posted on the real property as well as an accounting for attorneys' fees. The circuit court signed and entered a decree quieting title on September 30 in which it found in relevant part:

3. [Echols] is in possession of the following described property in the Benton County Arkansas:

> Part of the SE/4 of the SE/4 Section 17, Township 20 North, Range 28 West, Benton County, Arkansas, described as beginning at the SW corner of the SE/4 of the SE/4 of said Section 17; Thence North 33°45'33" East, 807.03 feet; Thence South 71°52'57" East, 360.38 feet; Thence South 39°06'33"West, 446.03 feet; Thence North 89°26'10" West, 168.00 feet; Thence South 00°36'39" East, 217.84 feet; Thence North 89°26'10" West, 343.97 feet to the point of beginning and containing 5 acres.

4. [Echols] purchased the property described herein on January 6, 2006, from [Lewis] and has possessed it continuously since then. [Echols] was given a signed, dated, and witnessed bill of sale that was recorded by the Benton County Circuit Clerk at Mortgage Book 2012 Page 10087.

6. [Echols] and those under whom he claims, have paid taxes on all said property described above continuously for a period of more than the past seven (7) years. The County Clerk's tax certificates attesting to such facts have been filed herein.

7. The Court finds that [Echols] is the fee simple owner of the property described herein and title is quieted and confirmed in his name.

9. Any potential claims or interest of any persons whatsoever, and specifically as to Defendants/Respondents herein, by virtue of other instruments or defective conveyances in the chain of title, or otherwise, are inferior to [Echols]'s title, and that [Echols] is entitled to have his title quieted and confirmed. No one is in possession of the premises claiming adversely to it.

10. [Lewis] was properly served on April 10, 2019, but has failed to answer and is in default.

11. [ALB] failed to appear for the hearing on September 10, 2020 and is ordered to pay attorney's fees and costs in the amount of $5,000.00.

4

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED, that title to the above described property is hereby quieted in fee simple absolute and confirmed in [Echols]; that any existing or potential adverse claims or interests of any persons whatsoever, and specifically as to Defendants herein, their unknown heirs, devisees, successors and assigns, and anyone claiming through or under them, be extinguished and declared a nullity; and that this Court retains jurisdiction of this action to grant such other relief as may be shown necessary and appropriate.[3]

Notably, there is no reference to the oral grant of Echols's motion to strike. ALB filed a timely notice of appeal on October 30. An amended decree quieting title was filed on December 15; however, there does not seem to be any significant difference in the original decree and the amended decree. The only purpose of the amended decree was to correct the property description to reflect that the property was subject to an access and utility easement along the north side. ALB did not file a subsequent notice of appeal to include the amended decree.

ALB appeals the September 30 decree quieting title, arguing that the circuit court erred in disqualifying its counsel and in granting default judgment in favor of Echols on the basis of ALB's failure to defend; however, we lack jurisdiction to address the merits of ALB's arguments because it has appealed from a nonfinal order. Whether an order is final and subject to appeal is a jurisdictional question that appellate courts have a duty to raise sua sponte. *McKelvey v. McKelvey*, 2022 Ark. App. 111, at 3. For this court to have jurisdiction over an appeal, the order appealed must either be a final order or meet one of several exceptions under Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil (2020). A

---

[3]There is no paragraph 5 or paragraph 8 in the decree.

final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Id.*

Because the circuit court's governing written order failed to address the oral ruling granting Echols's motion to strike—in particular ALB's pending counterclaim—the order from which ALB appeals is not a final order. *See Howell v. Howell*, 2021 Ark. App. 97, at 6 (holding that because a circuit court's oral ruling was not included in its written ruling, the order lacked finality). In this case, even though the circuit court orally dismissed ALB's counterclaim at the hearing, the court failed to address the ruling in the resulting written decree. Because the written order controls, we decline to interpret the circuit court's findings and must assume that the circuit court has not disposed of the counterclaim. Because the written order does not address all of the claims raised, we dismiss the appeal without prejudice.

Dismissed without prejudice.

KLAPPENBACH and BROWN, JJ., agree.

*Webb Law Office*, by: *Samuel A. Martin*, for appellant.

One brief only.